[No. 25680. Department One. August 27, 1935.]

EDDIE ADDISON, *Appellant*, v. M. A. STAFFORD,
*Defendant*, EVELYN STAFFORD, *Respondent*.[1]

*Thomas & Toner,* for appellant.
*George W. Thompson,* for respondent.

MAIN, J.—This action was brought to recover a judgment upon a promissory note and to foreclose a real estate mortgage which secured the payment of the note. The defendant Evelyn Stafford pleaded the statute of limitations and sought to quiet the title in herself to the property covered by the mortgage. The trial resulted in findings of fact from which it was concluded that the plaintiff take nothing as against the defendant Mrs. Stafford. What disposition was made of the case as to the other defendant, M. A. Stafford, the record does not disclose. From the judgment entered dismissing the action and quieting title to the

[1]Reported in 48 P. (2d) 202.

real property in the defendant Mrs. Stafford, the plaintiff appeals.

The evidence is not in dispute, and the facts which will present the only question here for determination may be summarized as follows: The note and mortgage which furnish the basis of the action were executed by the respondent and M. A. Stafford August 7, 1922, and according to their terms became due one year thereafter. Respondent and M. A. Stafford were divorced February 10, 1923. By the terms of the divorce decree, Mr. Stafford was to pay this note and mortgage, and the respondent was awarded the property upon which the mortgage was a lien. Mr. Stafford made various interest payments on the indebtedness, but the respondent at no time made any payment. April 13, 1927, and also on January 30, 1930, the respondent invoked the aid of the court to compel the enforcement of the terms of the divorce decree. In support of each of these applications, she filed an affidavit which recited that the mortgage

". . . is now due, owing and unpaid, and is a lien against the property of the plaintiff, and she will be compelled to pay the same in order to save her said property unless the defendant is required and compelled to pay said mortgage."

The question presented is whether the recital quoted, which appeared in each of the affidavits, was an acknowledgment of the indebtedness which would arrest the running, or remove the bar, of the statute of limitations.

Rem. Rev. Stat., § 176, provides that "no acknowledgment or promise" shall be sufficient evidence of a new or continuing contract whereby to take a case out of the operation of the statute of limitations unless the same is contained in some writing signed by the party to be charged; and provides: "but this section shall

not alter the effect of any payment of principal or interest.''

In *Stubblefield v. McAuliff*, 20 Wash. 442, 55 Pac. 637, it was held that, where a note, signed by the husband, was secured by a mortgage executed by the husband and wife, payments upon the principal or interest of the obligation, made by the husband, without the authority of the wife, would not extend the time of the running of the statute of limitations as against her. From the facts stated, it appears that the payments of interest in the case now before us were made by Mr. Stafford, the former husband of the respondent, and that she herself at no time made any payment either upon the principal or interest. It follows that the payments made by the husband did not interfere with the respondent's right to rely upon the statute of limitations.

The next subject of inquiry is whether the affidavits filed in the divorce proceeding to compel the performance of the decree are such an acknowledgment of the indebtedness as would arrest or remove the bar of the statute. Before a writing will so operate, it must show an intention so to do, and the acknowledgment must be so clear that a promise ''to pay must necessarily be implied.'' *Griffin v. Lear,* 123 Wash. 191, 212 Pac. 271. The affidavits referred to contain the statement that, unless Mr. Stafford is required to pay the mortgage, the respondent will be ''compelled'' to pay the same in order to save her property. It seems to us that this falls far short of being an acknowledgment from which a promise to pay must necessarily be implied. The appellant was not a party to the proceeding in which the affidavits were filed, and there is nothing to indicate that it was the intention of the respondent that the contents thereof should be communicated to her. The affidavits were

not a promise in writing addressed to the appellant.

While there are some earlier cases to the contrary, both English and American, the modern and prevailing view is that an acknowledgment, to be effectual, so far as the removal of the bar of the statute is concerned,

". . . must be made either to the creditor or to someone authorized to act for him, or if to a stranger must have been made with the intention that it be communicated to the creditor, the reason being that otherwise no privity is established in respect to the new promise." 17 R. C. L. 909.

See, also, 37 C. J. 1137.

Many cases might be assembled supporting the doctrine of the two texts cited, but the rule has become so well established by modern authority that this does not seem necessary. While this court has not had occasion to pass directly upon the question, the two texts above cited indicate a tendency toward the modern and prevailing rule.

The appellant's contention that the

". . . declarations and acknowledgment made by the respondent Evelyn R. Stafford in her solemn pleading filed in court estop her in this proceeding from contending that they do not operate as an acknowledgment to suspend the running of the statute of limitations,"

cannot be sustained. We see nothing in the recital in the affidavits which, under the law, would operate as an estoppel.

The judgment will be affirmed.

GERAGHTY, TOLMAN, HOLCOMB, and BEALS, JJ., concur.