## Richmond

TYLER GILMAN CORPORATION v. A. SIMPSON WILLIAMS, JR., EXECU-
TOR, ETC.

January 16, 1976.

Record No. 740991.

Present, I'Anson, C.J., Carrico, Harrison, Cochran, Poff and Compton, JJ.

*John W. Edmonds, III* (*William R. Derry, Jr.; Mays, Valentine, Davenport & Moore*, on brief), for appellant.

*James F. Pascal* (*Hirschler, Fleischer, Weinberg, Cox & Allen*, on brief), for appellee.

CARRICO, J., delivered the opinion of the court.

This writ of error brings under review a holding by the trial court that a new promise in writing to pay a debt had overcome the bar of the five-year statute of limitations applicable to a promissory note not under seal. Whether the holding was correct is the sole question on appeal.

The $40,000 note, dated October 9, 1961, was executed by the defendant, Tyler Gilman Corporation, and was payable on demand to the order of Arnette T. Gilman, now deceased. When, in February, 1974, the plaintiff, Mrs. Gilman's personal representative, sought recovery upon the note, the defendant corporation interposed a plea of

the statute of limitations. The trial court overruled the plea and entered judgment upon the note.

The note was executed on behalf of Tyler Gilman Corporation by Eugene J. Gilman, its president. Gilman and his mother, Arnette T. Gilman, the payee of the note, held all the stock of the corporation and were members of its board of directors.

Nothing was paid on the principal of the note, but interest was paid monthly until shortly before Mrs. Gilman's death in 1972. Between 1968 and the time of her death, Mrs. Gilman made several requests for payment of "some of her money . . . preferably all." When these requests were conveyed to the corporation's executive committee, it decided that, because "cash was so short," the note would not be paid unless Mrs. Gilman "was suffering from not having the money." The corporation's liability on the note, however, was not questioned.

After Mrs. Gilman's death in 1972, her personal representative made formal demand upon the defendant corporation for payment of the note. The demand was refused.

Under Code § 8-13, a right of action to recover money upon a contract in writing not under seal is barred unless the action is brought within five years after the right has accrued. Under Code § 8-25, however, a new promise in writing to pay the money or an acknowledgement in writing from which a promise to pay may be implied serves to fix a new period of the same length as the old within which an action may be brought. *See Ingram* v. *Harris,* 174 Va. 1, 5 S.E.2d 624 (1939).

In the present case, because the contract in question was a demand note not under seal dated in 1961, the statute of limitations would have run in 1966, or five years after the date of the note. The plaintiff contends, however, that, by several writings executed within five years of the commencement of the present litigation in 1974, the defendant corporation acknowledged and thereby impliedly promised to pay the debt, thus bringing the transaction under the "new promise" provisions of Code § 8-25.

The writings relied upon by the plaintiff consist of a financial statement of the defendant corporation dated November 7, 1969, and a series of checks drawn by the corporation in 1972. The financial statement was prepared and signed by C. B. Drinkard, Jr., a member of a public accounting firm. Drinkard was also a member of the board of directors and executive committee of the defendant corporation.

The financial statement, addressed to the board of directors and stockholders of the corporation, included a balance sheet which listed, under liabilities, the following: "Note payable, A. T. Gilman $40,000."

The checks in question, nine in number, were drawn by the defendant corporation to the order of Arnette T. Gilman, the payee of the note now in dispute. The checks represented monthly payments of interest on the note for the first nine months of 1972. Although five of the checks contained no language descriptive of their purpose, one of the remaining four bore the label "Interest," one "Interest—Feb.," one "Interest—March," and one "Interest—July." There was no evidence that the defendant corporation owed Mrs. Gilman any indebtedness other than the $40,000 note.

It is true, as the defendant corporation points out, that we have held the payment of interest on a debt insufficient to toll or remove the bar of the statute of limitations. *See Quackenbush* v. *Isley*, 154 Va. 407, 153 S.E. 818 (1930). We also recognize that the listing of a stale debt upon an unsigned corporate financial statement, or upon a signed statement which is delivered to a stranger rather than the creditor, has been held not to constitute an acknowledgement sufficient to support a new promise to pay the debt. *See Preston County Coke Co.* v. *Preston County Light & Power Co.*, 146 W. Va. 231, 119 S.E.2d 420 (1961).

But where, as here, a close corporation is involved, the financial statement listing the stale debt is signed by the corporation's accountant who is also one of its directors, and corporate checks are issued in payment of interest on the debt, a different rule should apply. While there was no direct evidence that the financial statement was delivered to Mrs. Gilman, the payee of the note, in her role as creditor, the statement was formally addressed to the corporation's stockholders and directors. Mrs. Gilman was one of the corporation's two stockholders and one of its directors. She could hardly be termed a stranger with respect to the information contained in the statement concerning the indebtedness owed her. And it is undisputed that she received and cashed the checks issued by the corporation in payment of interest on the indebtedness.

Under these circumstances, there is sufficient acknowledgement in writing of the indebtedness from which may be implied a promise to pay the obligation and upon which to fix a new period of limitation. *See Bickers* v. *Pinnell*, 199 Va. 444, 450-51, 100 S.E.2d 20, 25 (1957). Indeed, it would be unrealistic to hold otherwise.

The trial court did not err, therefore, in overruling the defendant corporation's plea of the statute of limitations and in entering judgment on the note in question. Accordingly, the judgment will be affirmed.

*Affirmed.*