[No. 15496-0-II.    Division Two.    July 12, 1994.]

RAYMOND W. JEWELL, *Respondent,* v. VERL L. LONG, ET AL, *Appellants.*

---

*Arnold M. Young,* for appellants.

*Anna Laurie* and *Sanchez, Paulson, Mitchell & Laurie,* for respondent.

MORGAN, C.J. — Raymond W. Jewell sued Verl L. Long to collect a promissory note and foreclose an accompanying deed of trust. Long interposed the statute of limitations. The trial court granted summary judgment to Jewell, and Long appeals.

On September 13, 1982, David Jewell executed a $12,000 promissory note to Barbara Fend and George Fend.[1] The note was payable on September 13, 1983, but payment was never made.

In 1982, when David Jewell first executed the note, he secured it by giving a deed of trust on certain real property. In January 1985, however, he asked the Fends if he could secure the note by giving a deed of trust on a different piece of property. The Fends agreed. Thus, on January 23, 1985, David Jewell gave them a new deed of trust, and the 1982 deed was apparently released.

Subsequently, the Fends and David Jewell transferred their respective positions to other people. The Fends transferred their position to Raymond Jewell, and David Jewell transferred his position to Long.

In 1991, Raymond Jewell sued Long to collect the note and foreclose the 1985 deed of trust. He and Long then made cross-motions for summary judgment. They both agreed that

---

[1]Initially, the note was also payable to Frederick Sexton. His interest was later acquired by the Fends and is immaterial to this case.

the applicable statute of limitations was 6 years. *See* RCW 4.16.040. They disagreed, however, over when the statute had started to run. According to Long, it started when the note first became payable (Sept. 13, 1983), and it expired before suit was filed (Jan. 11, 1991). According to Raymond Jewell, it restarted when David Jewell gave the 1985 deed of trust (Jan. 23, 1985), and it had not expired when suit was filed. The premise underlying Raymond Jewell's position was that David Jewell acknowledged the 1982 debt by giving the 1985 deed of trust.

The trial court denied Long's motion while granting Raymond Jewell's. It agreed with Raymond Jewell that David Jewell had acknowledged the 1982 debt when he gave the 1985 deed of trust, and that the statute of limitations had restarted as a result. Long then appealed.

■ An acknowledgment or promise within the meaning of RCW 4.16.280[2] restarts the statute of limitations. Thus, in *Cannavina v. Poston*, 13 Wn.2d 182, 195, 124 P.2d 787 (1942), the Supreme Court said:

> An acknowledgment or promise made before the statute [of limitations] has run vitalizes the old debt for another statutory period dating from the time of the acknowledgment or promise, while an acknowledgment made after the statute has run gives a new cause of action, for which the old debt is a consideration.

13 Wn.2d at 195 (quoting 1 H.G. Wood, *Limitation of Actions* 432 (4th ed. 1916)). And in *Griffin v. Lear*, 123 Wash. 191, 198, 212 P. 271 (1923), the Supreme Court said:

> A new promise, made before a debt is barred by the statute of limitations, is held not to create a new and substantive contract, but to be merely evidence of an existing liability, and to fix a new date from which the statute runs.

123 Wash. at 198 (quoting 17 R.C.L., *Limitation of Actions* § 254, at 895 (1917)).

---

[2]RCW 4.16.280 states: "No acknowledgment or promise shall be sufficient evidence of a new or continuing contract whereby to take the case out of the operation of this chapter, unless it is contained in some writing signed by the party to be charged thereby . . .".

Generally, an acknowledgment must: be in writing; recognize the existence of the debt; be communicated to the creditor or to another person with intent that it be communicated to the creditor; and not indicate an intent not to pay. *Cannavina*, 13 Wn.2d at 195; *Griffin*, 123 Wash. at 199; *Addison v. Stafford*, 183 Wash. 313, 316, 48 P.2d 202 (1935); *Rea v. Rea*, 19 Wn. App. 496, 499, 576 P.2d 84, *review denied*, 90 Wn.2d 1020 (1978). Here, the 1985 deed of trust was in writing; recognized the existence of David Jewell's debt to the Fends; was communicated to the Fends; and did not indicate an intent not to pay.[3] Thus, the only question is whether a debtor's act of giving security is an acknowledgment if it otherwise satisfies these requirements.

■ There is no Washington case on point, but other jurisdictions have held that giving or substituting collateral security constitutes an acknowledgment that restarts the statute of limitations. R.P. Davis, Annotation, *Giving of Collateral as Acknowledgment and New Promise To Pay Tolling Statute of Limitations*, 171 A.L.R. 315 (1947). Thus, it has been said:

> The delivery by a debtor to a creditor of collateral security for a debt is held to be as much an acknowledgment of the debt as a payment, and equally effectual to start the operation of the statute of limitations anew.

51 Am. Jur. 2d *Limitation of Actions* § 346 (1970) (citing *Wagner v. Mutual Life Ins. Co.*, 88 Conn. 536, 91 A. 1012 (1914); *Wolford v. Cook*, 71 Minn. 77, 73 N.W. 706 (1898); *Manchester v. Braedner*, 107 N.Y. 346, 14 N.E. 405 (1887)).

Based on these authorities, we hold that when David Jewell gave the 1985 deed of trust, he acknowledged the 1982 debt and restarted the applicable 6-year statute of limitations. It follows that the statute of limitations had not expired when the present suit was filed, and that the trial court correctly granted summary judgment to Raymond Jewell.

---

[3]Long argues that the 1985 deed of trust was not an acknowledgment because it stated it was "for security purposes only". See Clerk's Papers, at 75. In our view, however, such a statement does not cause a deed of trust not to satisfy the stated requirements for an acknowledgment.

The parties' remaining arguments lack merit or need not be addressed.

Affirmed.

ALEXANDER and SEINFELD, JJ., concur.