36 P.3d 1123 (2001)
Robert W. FETTY, Appellant,
v.
Ron WENGER and Diane Wegner, Husband and Wife, and their Marital Community and Rosalie Wylie, a Single Woman, Respondents.
No. 47246-1-I.
Court of Appeals of Washington, Division 1.
December 31, 2001.
As Amended on Denial of Reconsideration February 27, 2002.
*1124 Robert Fetty, Attorney At Law, Woodinville, Counsel for Appellant.
Mark Elgot, Seattle, Counsel for Respondents.
BAKER, J.
Robert Fetty sued his former clients, Ron and Diane Wenger, for attorney fees after they prematurely terminated his services. The trial court dismissed the action on grounds that the statute of limitations had expired. Because the Wengers acknowledged their obligation to Fetty, we hold that the statute of limitations was extended, and reverse.

I
Ron Wenger, acting on behalf of a potential heir to a multi-million dollar estate, hired Robert Fetty to represent the interests of the heir. Wenger and Fetty entered into a contingent fee agreement. Eventually, Wenger became dissatisfied with Fetty's services and terminated the relationship. Over the course of the next 12 months, Wenger and his wife sent correspondence to Fetty requesting an itemized statement of his fees. Fetty failed to oblige.
Two years and 11 months after their attorney/client relationship ended, Fetty sued Wenger, his wife, and the heir for the reasonable value of his services.[1] Fetty failed to personally serve the defendants for another seven months. On summary judgment, the trial court dismissed the action, ruling that a three year statute of limitations barred his claim. Fetty appeals.

II
The parties first dispute whether the three year or six year statute of limitations applies to Fetty's action for fees. For actions on a contract or liability that is not in writing, and does not arise out of any written instrument, a three year statute of limitations applies.[2] But a plaintiff has six years to file an action upon a written contract, or upon a liability, express or implied, arising out of a written agreement.[3] In this case, Fetty's action for fees in quantum meruit is not on the parties' contingent fee agreement, but is an equitable claim arising out of their agreement.[4] While the broad language of our six year statute of limitations may thus encompass Fetty's claim, we need not decide this issue because the Wengers' letters assuring payment to Fetty restarted the statute of limitations. Because those letters were written less than three years before this action was commenced, it does not matter which statute of limitations applies.
RCW 4.16.280 sets forth the conditions under which the statute of limitations may be restarted:
No acknowledgment or promise shall be sufficient evidence of a new or continuing contract whereby to take the case out of the operation of this chapter, unless it is contained in some writing signed by the party to be charged thereby; but this section shall not alter the effect of any payment of principal or interest.
In general, courts apply this statute in the context of a debt.[5] But by its language, the statute also applies to claims founded on *1125 contract,[6] consistent with well established case law.
In Belcher v. Tacoma Eastern Railroad Company,[7] one of the railroad's customers sued for a refund of overcharges after the railroad acknowledged its unlawful tariff practices to the public service commission and petitioned to reduce them.[8] The railroad defended the action for refund in part by asserting that the statute of limitations had expired.[9] The supreme court disagreed, first holding that because the customer's claim rested on implied contract sounding in assumpsit, a proper acknowledgment could restart the statute of limitations.[10] The court further held that the railroad's petition to the commission constituted an effective acknowledgement of the obligation it owed its customer because the commission was acting in the interest of the customers in accepting and granting the petition and the railroad's petition was made for the express purpose of achieving a result in favor of the customers.[11] In this case, Fetty's action in quantum meruit is similarly based on implied contract arising out of the parties' contingent fee agreement. A proper acknowledgment would thus extend the statute of limitations pursuant to RCW 4.16.280.
The Wengers argue that their letters to Fetty may not be considered because they constitute inadmissible offers of settlement. We disagree. ER 408 provides that evidence containing an offer of valuable consideration to settle a claim is not admissible to prove liability for the claim or its amount. But the Wengers' letters contain no offers to settle a claim, so they are admissible.
The Wengers next contend that their letters requesting an itemized bill are too vague and therefore not effective in tolling the statute of limitations. When a writing is made before the limitations period has expired, any acknowledgment of the obligation necessarily implies an agreement to pay, unless something in the acknowledgment requires a contrary conclusion.[12] An effective acknowledgement must either expressly promise to pay or acknowledge that the obligation exists.[13] Either is sufficient, but it need not contain both.[14] If the writing contains the latter, it must express a clear admission of the debt.[15] Moreover, it must be communicated to the creditor and not indicate an intention not to pay.[16]
In Jewell v. Long,[17] Division Two of this court held that a deed of trust given on real property for a previously incurred debt constituted an effective acknowledgement because it was in writing, recognized the existence of the debt, was communicated to the creditor, and did not indicate an intent not to pay.[18] In this case, the Wengers' letters stated in pertinent part:

*1126 I am writing again to request an itemized billing from you for your services.... and would like to know how much we owe you....
and
As stated many times by us, you will be paid for your expenses and your time spent on the case on an hourly basis....
On their face, these writings contain both an express promise to pay as well as an admission that an obligation to Fetty exists. The letters were signed by the Wengers and do not indicate an intent not to pay.
The Wengers argue that the letters' silence as to a specific sum due renders them ineffective as acknowledgments. Indeed, in Bank of Montreal v. Guse,[19] the court recited a rule that an acknowledgment that leaves the amount of a debt in dispute is insufficient.[20] But this rule was applied in the context of a debtor making nonspecific references to multiple debts owed the creditor. And the reasoning underlying the rule is that offers to compromise a claim on a debt rebut the presumption of an implied promise to pay because they necessarily indicate an intent not to pay the full sum owed.[21]
A claim arising out of implied contract necessarily involves some dispute over the actual amount owed. Extending the rule in Guse to contract claims other than debt would construe RCW 4.16.280 too narrowly. The Wengers' letters effectively acknowledged their attorney fee obligation to Fetty, thus extending the statute of limitations.
REVERSED.
ELLINGTON AND AGID, JJ., concur.
NOTES
[1] The heir was later dismissed and is not a party to this appeal.
[2] RCW 4.16.080.
[3] RCW 4.16.040(2).
[4] Clients have the right to discharge their attorney at any time, for any reason. Kimball v. Public Utility District No. 1 of Douglas County, 64 Wash.2d 252, 257, 391 P.2d 205 (1964); 7 Am.Jur.2d Attorneys at Law § 282 (1997). Because no breach occurs, a discharged attorney may not sue on a contingent fee agreement, but must sue in quantum meruit arising out of the contract for the reasonable value of the services rendered through the date of discharge. Kimball, 64 Wash.2d at 258, 391 P.2d 205 1 Joseph M. Perillo, Corbin on Contracts § 1.20, at 71-72 (1993) (primary rights in actions in quantum meruit or quasi-contract are contractual).
[5] See, e.g., Jewell v. Long, 74 Wash.App. 854, 876 P.2d 473 (1994) (new deed of trust restarted statute of limitations on mortgage obligation); Lombardo v. Mottola, 18 Wash.App. 227, 566 P.2d 1273 (1977) (subsequent note stating amount and with signatures acknowledged debt under promissory note).
[6] See also 54 C.J.S. Limitations of Actions § 253, at p. 330-31 (1987) ("[A] claim founded on contract may be renewed or revived ... by a new promise or by an acknowledgment.").
[7] 99 Wash. 34, 168 P. 782 (1917).
[8] Belcher, 99 Wash. at 38, 168 P. 782.
[9] Belcher, 99 Wash. at 43, 168 P. 782.
[10] Belcher 99 Wash. at 44, 168 P. 782.
[11] Belcher, 99 Wash. at 44, 168 P. 782.
[12] Griffin v. Lear, 123 Wash. 191, 200, 212 P. 271 (1923). When a writing is made after the lapse of the limitations period, a higher standard applies because the acknowledgement, if effective, creates a new obligation and is itself the basis of the action. Griffin, 123 Wash. at 198-99, 212 P. 271. As the court in Griffin stated, "If this distinction is kept in mind most of the apparent inconsistencies in the cases will be cleared up." Griffin, 123 Wash. at 200, 212 P. 271.
[13] Griffin, 123 Wash. at 199, 212 P. 271 (citing Wood on Limitations (4th Ed.) p. 436).
[14] Griffin, 123 Wash. at 199, 212 P. 271 (citing Wood on Limitations (4th Ed.) p. 436).
[15] Burnham v. Burnham, 18 Wash.App. 1, 3, 567 P.2d 242 (1977).
[16] Jewell v. Long, 74 Wash.App. 854, 857, 876 P.2d 473 (1994).
[17] 74 Wash.App. 854, 876 P.2d 473 (1994).
[18] Jewell, 74 Wash.App. at 857, 876 P.2d 473. See also Griffin v. Lear, 123 Wash. 191, 212 P. 271 (1923) (letters admitting sum certain to be paid "in some future time" was definite, distinct, and positive recognition of debt with implied promise to pay by principal of corporation to which the loan/investment was made).
[19] 51 Wash. 365, 98 P. 1127 (1909) (debtor's nonspecific references to business dealings and disputes about unidentified invoices were insufficient to constitute a definite admission of a debt to bank holding six debts).
[20] Guse, 51 Wash. at 370, 98 P. 1127.
[21] See in contrast Cannavina v. Poston, 13 Wash.2d 182, 124 P.2d 787 (1942) (offer of land "to call it even for which I owe you," was still effective acknowledgment because the letter did not indicate a dispute over the debt due, but merely that land instead of money would be substituted as payment for the debt).