[No. 65722-4-I.   Division One.   October 10, 2011.]

*In the Matter of the Receivership of* Tragopan
Properties, LLC.

Tragopan Properties, LLC, *Respondent*, v. Smith
Development, Inc., *Appellant.*

*David A. Leen* (of *Leen & O'Sullivan PLLC*), for appellant.

*David H. Fuller* (of *The Law Office of David H. Fuller*), for respondent.

¶1 Cox, J. — The running of the statute of limitations is generally a bar to an action on an unpaid debt.[1] But such an action may be maintained under RCW 4.16.280 by a written acknowledgment or promise signed by the debtor that recognizes the debt's existence, is communicated to the creditor, and does not indicate an intent not to pay.[2]

¶2 Listing a claim in the schedules of a debtor under the Bankruptcy Code, Title 11 U.S.C., without also stating that the claim is disputed or contingent, is neither an acknowledgment of the debt nor a promise to pay that debt, as provided by RCW 4.16.280.[3] Similarly, including a claim in a proposed Chapter 13 plan under the Bankruptcy Code is neither an acknowledgment of the debt nor a promise to pay it. We affirm.

---

[1] *See* RCW 4.16.040.

[2] *Fetty v. Wenger*, 110 Wn. App. 598, 602, 36 P.3d 1123 (2001) (citing *Jewell v. Long*, 74 Wn. App. 854, 857, 876 P.2d 473 (1994)), *review denied*, 147 Wn.2d 1011 (2002); *Addison v. Stafford*, 183 Wash. 313, 314-15, 48 P.2d 202 (1935).

[3] *See In re Povill*, 105 F.2d 157, 160 (2d Cir. 1939); *Biggs v. Mays*, 125 F.2d 693, 697-98 (8th Cir. 1942).

¶3 The material facts of this case are undisputed. In July 1994, Jackson L. Smith borrowed $68,000 from Financial Services Corporation of Washington. In order to evidence this debt and secure its repayment, he executed a promissory note dated July 28, 1994, which was secured by two deeds of trust on two parcels of property he then owned. The note matured on August 1, 1996.[4]

¶4 In 1996, Financial Services assigned the note and deeds of trust to Smith Development. There is no evidence in this record of any collection efforts before the six year statute of limitations for an action on this note expired on August 1, 2002.[5]

¶5 In December 2002, Smith filed for relief under Chapter 13 of the Bankruptcy Code. In schedule D ("Creditors Holding Secured Claims") to his petition, Smith listed his debt to Financial Services as a claim secured by the deeds of trust. The schedule does not include any statement that this claim is either disputed or contingent, notwithstanding that the statute of limitations on this debt ran on August 1, 2002.

¶6 Smith later filed an amended Chapter 13 plan in the bankruptcy court. This document included a proposal to pay "Current 1st mortgage of $95,000, payments of $1089 monthly at 9% interest per annum."[6] The record before us does not indicate whether this proposed plan was sent to Smith Development or any other creditor during the bankruptcy proceeding. In any event, the bankruptcy court never confirmed this proposal. In October 2003, the bankruptcy court dismissed Smith's case.

¶7 In August 2006, Smith conveyed his property that was still subject to the two deeds of trust securing the July 28, 1994, note to Tragopan Properties LLC. There is no

---

[4] Clerk's Papers at 592-93.

[5] Clerk's Papers at 593.

[6] Clerk's Papers at 346.

evidence in this record that Tragopan assumed and agreed to pay the debt secured by these deeds of trust encumbering its property.

¶8 In September 2008, the successor trustee under the deeds of trust securing the July 28, 1994, note then held by Smith Development commenced a nonjudicial foreclosure proceeding. In October 2008, Tragopan commenced this state receivership action to dissolve itself and sought the appointment of a receiver. The successor trustee under the deeds of trust did not complete the nonjudicial foreclosure proceeding against the property owned by Tragopan.

¶9 Smith Development filed a creditor's proof of claim for $255,000 in this receivership based on the July 28, 1994, note. The receiver objected, arguing that the statute of limitations barred collection of the July 28, 1994, note.

¶10 Smith Development argued that Smith listed the debt evidenced by the note in the schedules to his December 2002 Chapter 13 petition in the bankruptcy court. The listing did not indicate that the debt was either disputed or contingent. Smith Development claimed this listing, which was shown as neither disputed nor contingent, was an acknowledgment and a promise to pay under RCW 4.16.280 that avoided the running of the statute of limitations. The receiver disagreed, arguing that nothing in Smith's bankruptcy proceeding revived the ability to collect the debt.

¶11 Following a stipulated facts trial, the trial court agreed with the receiver. The court entered its findings of fact and conclusions of law, and a judgment denying Smith Development's claim.

¶12 Smith Development appeals.

## ACKNOWLEDGMENT OF THE DEBT

¶13 Smith Development argues that the trial court erred in concluding that Smith's actions during his proceeding under Chapter 13 of the Bankruptcy Code did not consti-

tute an acknowledgment of the debt that was otherwise barred by the statute of limitations. We disagree.

¶14 An action upon a note or other written contract must be commenced within six years.[7] But an untimely action may be maintained under RCW 4.16.280 by a written acknowledgment or promise signed by the debtor that recognizes the debt's existence, is communicated to the creditor, and does not indicate an intent not to pay.[8] Thus, the acknowledgement of a debt will take an action out of the statute of limitations where it is not coupled with any refusal to pay or circumstances defeating the inference of an intent to pay.[9]

¶15 Although not mandated by the plain words of the statute, there is a well entrenched distinction between acknowledgments made before and after the statutory period.[10] Generally, a writing acknowledging a debt after the statutory period should be construed more strictly than a writing acknowledging a debt before the statute of limitations has run.[11] When a debt is acknowledged before the statutory period, the resulting legal action must be upon the original debt or upon the paper evidencing it.[12] Under those circumstances any acknowledgment of the debt should necessarily infer an agreement to pay it, unless something in the acknowledgment leads to a contrary

[7] RCW 4.16.040.

[8] *Fetty*, 110 Wn. App. at 602 (citing *Jewell*, 74 Wn. App. at 857); *Addison*, 183 Wash. at 314-15.

[9] *Griffin v. Lear*, 123 Wash. 191, 199, 212 P. 271 (1923); *see also Walker v. Sieg*, 23 Wn.2d 552, 561, 161 P.2d 542 (1945) (" 'Where circumstances are relied upon to toll the running of the statute of limitations, *they must show a clear and unequivocal intention on the part of the obligor to keep alive the debt*. Detached and fragmentary statements, susceptible [to] different interpretations, are not sufficient to remove the bar of the statute.' " (some emphasis added) (citations omitted) (quoting *Stockdale v. Horlacher*, 189 Wash. 264, 267, 64 P.2d 1015 (1937))).

[10] *Lombardo v. Mottola*, 18 Wn. App. 227, 566 P.2d 1273 (1977).

[11] *Griffin*, 123 Wash. at 200.

[12] *Id.*

conclusion.[13] But, where a debt is acknowledged after the statute of limitations has run, the action must be upon the new agreement and, in the nature of an original obligation, should be strictly construed.[14] This court has described this distinction as "mystifying" and "premised upon an artificial base."[15] Nonetheless, it is the law in Washington.

¶16 Unchallenged findings of fact are verities on appeal.[16] We review de novo the trial court's conclusions of law to determine if they are supported by the findings of fact.[17] Conclusions of law erroneously denominated as findings of fact are subject to de novo review.[18]

¶17 Here, Smith Development assigns error to matters designated as findings of fact by the trial court but does not argue that any of these findings are unsupported by substantial evidence. Accordingly, those matters that are truly findings that Smith Development does not challenge are verities on appeal.

¶18 The trial court concluded, among other things, that "[t]here was no revival of the statute of limitations on the July [28,] 1994, [n]ote."[19] This legal conclusion is the focus of the arguments on appeal.

¶19 The parties correctly agree that the six year statute of limitations controls an action on the July 28, 1994, note. Moreover, Smith Development does not challenge the trial court's decision that the statute of limitations expired on August 1, 2002. There is no evidence in this

---

[13] *Id.*

[14] *Id.*

[15] *Lombardo*, 18 Wn. App. at 232.

[16] *In re Marriage of Brewer*, 137 Wn.2d 756, 766, 976 P.2d 102 (1999).

[17] *Bingham v. Lechner*, 111 Wn. App. 118, 127, 45 P.3d 562 (2002) (citing *City of Seattle v. Megrey*, 93 Wn. App. 391, 393, 968 P.2d 900 (1998)), *review denied*, 149 Wn.2d 1018 (2003).

[18] *Robel v. Roundup Corp.*, 148 Wn.2d 35, 43, 59 P.3d 611 (2002) (citing *Kane v. Klos*, 50 Wn.2d 778, 788, 314 P.2d 672 (1957)).

[19] Clerk's Papers at 594.

record of any action to collect the debt before the six year statute of limitations expired. Thus, the question is whether Smith's actions during his Chapter 13 proceeding, commenced in December 2002, entitle Smith Development to relief under RCW 4.16.280.

¶20 Smith Development first argues that Smith's listing of the debt in the schedules to his petition for relief under Chapter 13 of the Bankruptcy Code, without listing it as either disputed or contingent, is an acknowledgment under RCW 4.16.280. Alternatively, it argues that including the debt in his proposed but unconfirmed Chapter 13 plan also constitutes an acknowledgment of the debt for purposes of the same statute. For the reasons we now explain, we disagree.

¶21 RCW 4.16.280 provides:

> No acknowledgment or promise shall be sufficient evidence of a new or continuing contract whereby to take the case out of the operation of this chapter, unless it is contained in some writing signed by the party to be charged thereby; but this section shall not alter the effect of any payment of principal or interest.

¶22 Smith Development argues that Smith listed the July 28, 1994, note together with the deeds of trust securing that debt in the schedule of secured creditors with his Chapter 13 petition without stating the debt was either disputed or contingent. Accordingly, Smith Development contends it has satisfied the requirements of RCW 4.16.280: the schedule is in writing, it is signed by the debtor, it acknowledges the debt, and it does not indicate an intent not to pay.

¶23 While these facts are undisputed, the ultimate issue is the intent of the party making the written acknowledgment.[20] Determining this intent requires us to consider this writing in light of the circumstances under which it was

---

[20] *Griffin*, 123 Wash. at 201.

made.[21] In doing so, we "should not be quick to find technical rules which might defeat such intention."[22]

¶24 There are no Washington cases with sufficiently similar facts to this case to answer this question of Smith's intent. But we conclude that two federal cases are highly persuasive.

¶25 In *In re Povill*,[23] the Second Circuit Court of Appeals considered whether listing a claim barred by the statute of limitations in a bankruptcy schedule was an acknowledgment sufficient to revive the claim. In that case, the debtor had executed and delivered to the bank two demand notes in 1928.[24] The last payments on the notes were made more than six years before commencement of the bankruptcy proceeding.[25] According to that court, the pertinent statute of limitations was the state statute of limitations, which in that case was New York's six-year statute of limitations.[26]

¶26 The court looked to the common law of several jurisdictions and explained that an acknowledgement revives a debt only if "a promise to pay might fairly be implied" and it "contains nothing inconsistent with an intention to pay."[27] It held that listing a debt on a schedule of creditors in a bankruptcy proceeding, without stating that it is disputed or contingent, was not an acknowledgment of that debt that implies a debtor's intent to pay:

---

[21] *Id.*

[22] *Id.*

[23] 105 F.2d 157, 158 (2d Cir. 1939).

[24] *Id.*

[25] *Id.*

[26] *Id.* at 159.

[27] *Id.* (citing *Bloodgood v. Bruen*, 8 N.Y. 362 (1853); *Manchester v. Braedner*, 107 N.Y. 346, 14 N.E. 405 (1887)).

The listing of a claim in a bankrupt's schedules, without notation that it is disputed or barred, is an acknowledgment of the debt in a literal sense. . . . *The listing is not, however, an acknowledgment that implies an intention by the bankrupt to pay the debt. On the contrary, it signifies an intention by the bankrupt not to pay.*[28]

¶27 The Eighth Circuit Court of Appeals came to the same conclusion in *Biggs v. Mays*.[29] There, the debtor also filed for bankruptcy and listed a debt that was barred by the statute of limitations.[30] The creditor argued that by listing the debt it was revived.[31] The court held that including the debt in the schedule of creditors was not "such an acknowledgement as implies an intention to pay it. On the contrary it signifies an intention by the bankrupt not to pay the debt."[32] It went on to explain the distinction between acknowledgment in the ordinary course of business and in a bankruptcy context:

The acknowledgment of a debt in the ordinary course of business takes it out of the statute of limitations because when the acknowledgment is voluntarily made it is an admission of the debt and of the liability of the debtor to pay. From this the law implies a promise to pay. *No such inference can be drawn when the very purpose of listing the debt, as in a bankruptcy proceeding, is to secure the discharge of that very debt.*[33]

¶28 Washington law requires more than a mere literal acknowledgment of a debt to revive a creditor's ability to pursue an action otherwise barred by the statute of limitations. In *Griffin v. Lear*, the supreme court clarified this

---

[28] *Id.* (emphasis added).

[29] 125 F.2d 693 (8th Cir. 1942).

[30] *Id.* at 697.

[31] *Id.*

[32] *Id.*

[33] *Id.* at 697-98 (emphasis added).

when it stated that it is the intent of a debtor who makes an acknowledgment that is at issue.[34] Such intent is determined by examining the surrounding circumstances.[35]

¶29 Here, as in *Povill* and *Biggs*, Smith's acknowledgment must be coupled with circumstances implying an intent to pay in order to avoid the bar of the statute of limitations. But there can be no such implication where, as here, the very purpose of listing the debt in his schedules under the Bankruptcy Code is to obtain relief from that debt. Unlike an acknowledgment in a non-bankruptcy situation, the listing of a debt in the schedules to a bankruptcy petition is primarily intended to obtain relief under the Bankruptcy Code. In the absence of other factors, not found here, there is no inference of an intent to pay that debt. Under the rationale of both *Povill* and *Biggs*, we conclude that Smith's listing of this debt in his schedules to his Chapter 13 petition does not entitle Smith Development to relief under RCW 4.16.280. It does not matter that Smith failed to list the debt as disputed or contingent.

¶30 Smith Development attempts to distinguish *Povill* and *Biggs* because the debtors in those cases filed for relief under Chapter 7, rather than Chapter 13, of the Bankruptcy Code. It claims that the nature of relief under Chapter 7, where the debtor seeks to be discharged of all debts, is different from Chapter 13, where the debtor proposes a structured repayment plan that may permit him to fully repay his debts. We are not persuaded that this difference in the general nature of the relief requires a different result.

¶31 First, Smith Development's argument is based on the false premise that payments to creditors do not occur in Chapter 7 proceedings. While Chapter 7 no-asset cases do not involve payments to creditors, payments to creditors are made where a Chapter 7 debtor has assets. For example,

---

[34] 123 Wash. 191, 201, 212 P. 271 (1923).

[35] *Id.* at 199.

Michael Mastro, a former Seattle real estate magnate, filed for Chapter 7 relief under the Bankruptcy Code in 2009. As of this writing, the trustee in his case is pursuing diamond rings worth $1.4 million that Mastro failed to turn over. The trustee intends to sell these assets to pay unsecured creditors, whose claims are estimated to be $325 million.[36] Thus, the differences in the types of relief that a debtor seeks under the various provisions of the Bankruptcy Code tell us little or nothing about his intent when listing a debt in schedules to a petition for relief, as required by the Bankruptcy Code.[37]

¶32 Second, the underlying rationale of both *Povill* and *Biggs* is based on the debtor's request for bankruptcy relief, not the form of that relief. Thus, the form of the relief the debtor requests is irrelevant. We conclude that the rationale of these cases applies to Chapter 13 proceedings just as it does to Chapter 7 proceedings under the Bankruptcy Code.

¶33 Smith Development also argues that *Tyler Gilman Corp. v. Williams*[38] and *Federal Deposit Insurance Corp. v. Cardona*[39] are persuasive. They are not.

¶34 In *Tyler Gilman Corp.*, the Virginia Supreme Court held that listing a stale debt in a closely held corporation's financial statements was a sufficient acknowledgement of that debt to revive it.[40] In *Cardona*, the First Circuit Court of Appeals held that an estate's executor acknowledged

---

[36] Patrick G. Lee, *Bankrupt Real Estate Magnate's Whereabouts Unknown*, WALL ST. J.L. BLOG (July 15, 2011, 3:11 PM), http://blogs.wsj.com/law/2011/07/15/bankrupt-real-estate-magnates-whereabouts-unknown/.

[37] 11 U.S.C. § 521(a)(1)(A), (i)(1) (a debtor is required to file a list of creditors, and failure to do so within 45 days of filing the petition will result in an automatic dismissal of the case), § 523(a)(3) (if a debtor fails to list or schedule a debt, the debtor will not be discharged from that debt).

[38] 216 Va. 548, 221 S.E.2d 129 (1976).

[39] 723 F.2d 132 (1st Cir. 1983).

[40] *Tyler Gilman Corp.*, 216 Va. at 550.

debts barred by the statute of limitations when he included them on the decedent's estate tax return.[41]

¶35 These cases are factually distinguishable because neither involved an acknowledgment of a debt by the listing of that debt in schedules to a petition in a bankruptcy proceeding or other proceeding to obtain debt relief. This distinction is material because bankruptcy proceedings, by definition, are proceedings in which debtors indicate that they are not going to pay their debts. Thus, listing debts on schedules in such a proceeding is not the type of acknowledgment that avoids the bar to collection by a statute of limitations.

¶36 Alternatively, Smith Development claims that Smith's inclusion of the debt in a proposed Chapter 13 plan is also an acknowledgment that avoids the bar of the statute of limitations. We disagree.

¶37 The only case that it cites in support of this argument is *Stogsdill v. Stogsdill*,[42] an Arkansas decision. That case is not persuasive.

¶38 In *Stogsdill*, the decedent loaned money to her son and the notes were secured by mortgages that included future-advance clauses.[43] The son later filed for relief under Chapter 12 of the Bankruptcy Code.[44] His reorganization plan included the secured debt to the decedent, but he declared that he would pay her on demand after his discharge from the plan.[45] As a result, his discharge order specifically excluded the debt to the decedent.[46] The decedent's other children then attempted to foreclose the mort-

---

[41] *Cardona*, 723 F.2d at 137-38.

[42] 76 Ark. App. 474, 68 S.W.3d 324 (2002).

[43] *Id.* at 477.

[44] *Id.* at 478.

[45] *Id.*

[46] *Id.*

gages.[47] The son argued that the statute of limitations barred any collection efforts.[48] The court held that the son acknowledged the debt by expressly exempting it in his discharge order.[49]

¶39 Here, there is no similar exemption of the debt from the Chapter 13 proceeding. In fact, this proceeding was dismissed without any confirmation of the proposed plan. And, unlike *Stogsdill*, Smith's proposed repayment plan did not exempt the Smith Development debt from operation of the bankruptcy.

¶40 Most importantly, the *Stogsdill* analysis does not rest upon the chapter of bankruptcy filed. Rather, it relies solely on another Arkansas case, *Kitchens v. Evans*,[50] for the general rule that a debt may be revived if there is an express promise to pay or an unequivocal acknowledgement of the debt. Significantly, it does not cite or discuss *Povill* or *Biggs*. The court's failure to discuss these cases, both of which are directly on point, convinces us that its analysis and conclusion are unpersuasive here.

¶41 In any event, this argument essentially puts a debtor under the Bankruptcy Code in an untenable position. Under Smith Development's theory, if a debtor seeks relief under the Bankruptcy Code and includes a debt in a proposed Chapter 13 plan, that act would permit collection of a debt otherwise barred by the statute of limitations. It is difficult to imagine that the legislature intended such a result, given state and federal statutes that provide for debtor relief.

¶42 This case illustrates the point. Here, the statute of limitations for the debt expired in August 2002. Four months later, Smith filed for relief under the Bankruptcy

[47] *Id.* at 479.

[48] *Id.*

[49] *Id.* at 485.

[50] 45 Ark. App. 19, 870 S.W.2d 767 (1994).

Code. Months later, he filed a proposed Chapter 13 plan, although this record does not show that the plan was sent to Smith Development or any other creditor during the bankruptcy proceeding. The plan includes this debt, notwithstanding that its collection was barred by the statute of limitations. Because Tragopan did not assume the debt when it acquired the property subject to the deeds of trust securing the debt, Smith remained the sole obligor on the debt. Yet, Smith Development would have us accept the proposition that Smith's attempt to obtain bankruptcy relief by filing a proposed plan should revive its ability to avoid the expiration of the statute of limitations. Doing so would require us to undercut this mechanism for debtor relief. We decline to do so.

¶43 We conclude that Smith's listing of the debt in his proposed Chapter 13 plan is not an acknowledgment under RCW 4.16.280. It is no more an expression of an intent to pay than is listing a debt in the schedules without also stating that the debt is disputed or contingent. As the underlying rationale of both *Povill* and *Biggs* illustrates, neither act implies an intention to pay that avoids the statute of limitations' bar to collection of the debt.

¶44 Finally, without citation to authority, Smith Development argues that Smith's oral testimony during a deposition on April 23, 2010, was an acknowledgment of the note. It is unclear from this record whether this was argued before the trial court below. In any event, we disagree.

¶45 This argument is based on alleged oral testimony by Smith during a post-bankruptcy deposition. RCW 4.16.280 expressly requires any claimed acknowledgment to be in writing. Because there is no writing here, this argument fails the first prong of the four part test.[51]

---

[51] *See Fetty*, 110 Wn. App. at 602.

¶46 Smith Development also argues that *Lombardo v. Mottola*[52] requires that we more strictly scrutinize Smith's bankruptcy filings because the statute of limitations expired before that filing. Regardless of how strictly we scrutinize this record, our conclusion remains the same. None of Smith's actions on which Smith Development relies constitutes an acknowledgment under RCW 4.16.280. We so hold.

¶47 We affirm the judgment.

BECKER and APPELWICK, JJ., concur.

---

[52] 18 Wn. App. 227, 566 P.2d 1273 (1977).