# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DONALD F. WOLPH and TERESA A.
WOLPH, husband and wife,

                     Appellants,

                v.

LINDA JEAN SAPP, as Personal
Representative of the Estate of Barbara
Priscilla Harrington, deceased,

                   Respondent.

No. 72605-6-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: August 10, 2015

TRICKEY, J. — RCW 4.16.040(1) imposes a six-year limitation for "[a]n action upon a contract in writing, or liability express or implied arising out of a written agreement." A written acknowledgment or new promise to pay a debt may restart the statute of limitations. The acknowledgement or promise to pay must recognize the existence of the debt, be communicated to the creditor, and not indicate an intent not to pay. Here, Donald and Teresa Wolph[1] challenge the trial court's summary dismissal of an action in which they sought to collect on a debt allegedly owed to them by decedent Barbara Harrington. The Wolphs fail to demonstrate that a statement in a letter attached to Harrington's will constitutes an acknowledgment of the debt or promise to pay. We affirm the trial court's order dismissing the action.

## FACTS

Barbara Harrington died on January 1, 2012. At the time of her death, she owned property in Renton, Washington. In 1972, Harrington and her son, Don, acquired the

---

[1] For ease of reference, we refer to Donald (Don) and Teresa Wolph collectively as "the Wolphs" and individually by their first names. We intend no disrespect by doing so.

property. Don thereafter subdivided the property into two lots. Harrington lived in a house on one of the lots until 1977, at which point she and Don sold that lot. Harrington used the sale proceeds to purchase another property in which to reside in Ravensdale, Washington. In lieu of receiving a portion of the sale proceeds from the sale of the lot, Don became the sole owner of the other, unsold lot.

Eventually, Harrington sold her property in Ravensdale. She sought to relocate to the property in Renton, and agreed to pay Don to purchase the lot. The Wolphs financed the sale of the property, using the property as security. In October 1984, the Wolphs and Harrington executed the contract documents for the sale of the property. According to the contract documents, the Wolphs sold the property to Harrington for $15,000. Harrington received a credit of $5,000 toward the purchase price upon the condition that she not sell, subdivide, convey, or alter the title to the property for a period of 10 years. Harrington paid a down payment of $3,500. The term of the loan was 96 months. Twelve percent interest was computed totaling $105.31 per month.

Harrington made periodic payments until May 2000. She paid the Wolphs over $17,055.

Respondent Linda Sapp, Harrington's daughter, was appointed as the personal representative of Harrington's estate. Following Harrington's death, Sapp filed a probate petition on March 28, 2012, and submitted to the court Harrington's "Last Will and Testament."[2]

The will was executed on October 11, 2000. Attached to the will was a handwritten letter, dated December 2009, and titled "My will to you w/ Durable Power of Attorney."[3]

_____

[2] Clerk's Papers (CP) 32, 36.
[3] CP at 41.

The letter is of a personal nature, in which Harrington describes her life and members of her family, including her six children, her mother, and her ex-husband. Only the first paragraph appears to deal with the administration of her estate. It states:

> To Linda $5,000 down payment of sewer. Also $2,000 on repairs, I finished paying for sewer for both sewers as King County in beginning was dividing property 185 ft. Don agreed to take $[13,000 or 17,000][4] for his portion as King County went against 2 lots."[5]

The Wolphs filed a creditor's claim for $45,628.47 in the probate proceedings. Sapp rejected the claim on April 12, 2014. The Wolphs then filed, on May 8, 2014, the present action against Sapp seeking, among other things, declaratory judgment against the Harrington estate that Harrington's handwritten statement recognized the existence of the debt allegedly owed to the Wolphs. Sapp responded that the claims were barred by the statute of limitations and counterclaimed to quiet title on the subject property.

Sapp moved for summary judgment. The trial court granted Sapp's motion. The Wolphs appeal.

## ANALYSIS

The Wolphs argue that the trial court erred in dismissing the suit on summary judgment because Harrington's letter attached to the will constituted an acknowledgement of the debt she owed, thereby restarting the time period within which to bring an action. We disagree.

We review summary judgment orders de novo. Durland v. San Juan County, 182 Wn.2d 55, 69, 340 P.3d 191 (2014). Summary judgment is appropriate only if there is no

---

4 It is difficult to determine with certainty what numerical amount Harrington was referring to in this handwritten note. It appears to be either $13,000 or $17,000.

5 CP at 41 (emphasis added).

3

genuine issue of material fact in the pleadings, affidavits, and depositions on file, and the moving party is entitled to judgment as a matter of law. CR 56(c). Material facts are those upon which the outcome of the litigation depends. Greater Harbor 2000 v. City of Seattle, 132 Wn.2d 267, 279, 937 P.2d 1082 (1997).

Pursuant to RCW 4.16.040(1), an action upon a note or other written contract must be commenced within six years. However, under RCW 4.16.280, an untimely action may be maintained "by a written acknowledgement or promise signed by the debtor that recognizes the debt's existence, is communicated to the creditor, and does not indicate an intent not to pay." In re Receivership of Tragopan Props., LLC, 164 Wn. App. 268, 273, 263 P.3d 613 (2011) (citing Fetty v. Wenger, 110 Wn. App. 598, 602, 36 P.3d 1123 (2001); Addison v. Stafford, 183 Wash. 313, 314-15, 48 P.2d 202 (1935)). "'[T]he acknowledgment must be clear and unequivocal, and made with reference to a particular debt . . . [and] must be so clear that a promise to pay must necessarily be implied.'" Thisler v. Stephenson, 54 Wash. 605, 607, 103 P. 987 (1909) (quoting Bank of Montreal v. Guse, 51 Wash. 365, 98 P. 1127 (1909)). It must not be "coupled with any refusal to pay or circumstances defeating the inference of an intent to pay." Tragopan, 164 Wn. App. at 273. The court must construe a writing acknowledging a debt after the statutory period more strictly than a writing acknowledging the debt before the statute of limitations has run. Tragopan, 164 Wn. App. at 273.

The Wolphs do not dispute that the statute of limitations has expired. Rather, they argue that the statement in Harrington's letter attached to her will—"Don agreed to take

4

$[13,000 or 17,000] for his portion"[6]—constitutes an acknowledgement of the debt. This assertion is not well taken.

The statement does not unequivocally recognize the existence of a debt to be paid to the Wolphs. It does not clearly reference the debt owed to the Wolphs for the purchase of the property. If anything, it may refer to a past debt, as it is written in past tense. But the statement makes no suggestion that any debt remained at the time. The statement similarly fails to clearly indicate a promise to pay the debt in the future.

Furthermore, the circumstances of this case are unlike those in other Washington decisions where the debt was deemed to have been acknowledged. See, e.g., Jewell v. Long, 74 Wn. App. 854, 876 P.2d 473 (1994) (mortgagor's substitution of collateral security and new deed of trust on different property constituted an acknowledgement); Fetty, 110 Wn. App. 598 (former client's letters requesting itemized statement of fees from attorney constituted an acknowledgment). Here, Harrington's attached letter to her will was predominantly a personal account of her life and family; the only aspect resembling anything related to the administration of the will was the first paragraph in which she designated monies owed to King County for sewer payments. But even when read in context of the entire letter, it is unclear what the purpose of the statement at issue was. It was not an express admission of the debt. See Fetty, 110 Wn. App. at 602 (writing made after the limitations expired must express a clear admission of the debt).

Moreover, the surrounding circumstances do not evince Harrington's intent to pay the debt owed. See Tragopan, 164 Wn. App. at 273. In an undated and unaddressed letter, Harrington wrote that her attorney had advised her to cease payments to the

---

[6] CP at 41.

Wolphs because she had already paid him $17,000. This would defeat any inference of an intent on Harrington's part to pay.

Therefore, because the statement in Harrington's letter was not an acknowledgment of the debt, the statute of limitations was not revived, and the Wolphs are barred from asserting their claim to collect on the debt. We affirm the trial court's dismissal of the action.[7]

Trickey, J

WE CONCUR:

Leach, J.

Schindler, J

---

[7] The Wolphs raise additional assignments of error on appeal. Because the statute of limitations issue is dispositive to the resolution of this appeal, we decline to address those other arguments.