**NOT FOR PUBLICATION**

FILED



DEC 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID BARTON THACKER, | No. 19-35215 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-05562-RJB |
| v. | |
| BANK OF NEW YORK MELLON, f/k/a The Bank of New York, as Trustee for the Certificateholders of the CWalt, Inc., Alternative Loan Trust 2007-24, Mortgage Pass-Through Certificates, Series 2007-24; BAYVIEW LOAN SERVICING, LLC, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted December 11, 2019[**]
Seattle, Washington

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

Before: GRABER and GOULD, Circuit Judges, and EZRA,*** District Judge.

Plaintiff David Thacker seeks to prevent Defendants Bank of New York Mellon and Bayview Loan Servicing from foreclosing on the mortgage for his house. Plaintiff argues that the six-year statute of limitations under Washington Revised Code section 4.16.040 has lapsed, so Defendants' attempt to foreclose violates the Fair Debt Collection Practices Act and its Washington equivalent. Plaintiff appeals the district court's grant of summary judgment to Defendants. Reviewing de novo, Albino v. Baca, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc), we affirm.

The parties, and we, agree with the district court that, absent any acknowledgment, the limitations period would have expired on April 11, 2017. But Plaintiff started the limitations period anew when, before April 2017, he acknowledged the debt in a "writing" that "recognize[d] the existence of the debt," was "communicated to the creditor or to another person with intent that it be communicated to the creditor," and did "not indicate an intent not to pay." Jewell v. Long, 876 P.2d 473, 474 (Wash. Ct. App. 1994). On three occasions in 2016, Plaintiff submitted forms to Bayview, the loan servicer, requesting "mortgage

***  The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

2

assistance" through the "Making Home Affordable Program." Under penalty of perjury, Plaintiff identified himself as the "borrower," stated that he was having difficulty making monthly payments because of reduced household income, and stated that he wanted to "keep the property." Plaintiff also concedes that "the pre-printed application forms and the hardship letter do refer to the original debt."

Plaintiff argues that he indicated an intent not to pay by stating that he wanted to modify his loan. At most, Plaintiff indicated an intent to pay on an altered schedule rather than an intent not to pay. See Griffin v. Lear, 212 P. 271, 274 (Wash. 1923) (holding that the debtor restarted the limitations period when she wrote, "I can only promise to pay the $1,600 with interest in some future time."). Thus, the six-year limitations period started running again in 2016 and has not expired yet.

We note that Plaintiff's Chapter 7 bankruptcy discharge has no bearing on Defendants' ability to foreclose on the mortgage. Although the Chapter 7 discharge extinguished Plaintiff's personal liability for the mortgage, "a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy." Johnson v. Home State Bank, 501 U.S. 78, 83 (1991).

**AFFIRMED.**