**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CODY ALLEN EASTERDAY,

      Plaintiff - Appellant,

v.

TYSON FRESH MEATS, INC.,

      Defendant - Appellee.

No. 23-3836

D.C. No.
4:22-cv-05155-SAB

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, District Judge, Presiding

Submitted October 21, 2024**
Portland, Oregon

Before: HAMILTON, VANDYKE, and H.A. THOMAS, Circuit Judges.***

Cody Allen Easterday appeals the district court's dismissal of his First

Amended Complaint ("FAC") asserting claims under Washington state law against

---

    * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    *** The Honorable David F. Hamilton, United States Circuit Judge for the Court of Appeals, 7th Circuit, sitting by designation.

Tyson Fresh Meats, Inc. ("Tyson") for breach of contract, breach of implied-in-fact contract, right of accounting based on a joint venture, unjust enrichment, and promissory estoppel. We have jurisdiction under 28 U.S.C. § 1291. "We review *de novo* a district court's grant of a motion to dismiss under Rule 12(b)(6), 'accepting all factual allegations in the complaint as true and construing them in the light most favorable to the nonmoving party.'" *Coronavirus Rep. v. Apple, Inc.*, 85 F.4th 948, 954 (9th Cir. 2023) (quoting *Ebner v. Fresh, Inc.*, 838 F.3d 958, 962 (9th Cir. 2016)). "We review for abuse of discretion a district court's dismissal with prejudice and without leave to amend." *Benavidez v. County of San Diego*, 993 F.3d 1134, 1141–42 (9th Cir. 2021). We affirm.

1. Easterday argues that he alleged sufficient facts to show an enforceable oral contract between him and Tyson. We disagree. In Washington, "[a] valid contract requires the parties to objectively manifest their mutual assent to all material terms of the agreement." *P.E. Sys., LLC v. CPI Corp.*, 289 P.3d 638, 644 (Wash. 2012) (en banc). "[T]he terms assented to must be sufficiently definite." *Keystone Land & Dev. Co. v. Xerox Corp.*, 94 P.3d 945, 949 (Wash. 2004) (en banc). There cannot be an enforceable agreement if a term is so "indefinite that a court cannot decide just what it means, and fix exactly the legal liability of the parties." *Id.* (quoting *Sandeman v. Sayres*, 314 P.2d 428, 429 (Wash. 1957)).

While Easterday alleges that it was his understanding that the parties would

2                                                    23-3836

split the profits 50-50, "the unexpressed subjective intention of the parties is irrelevant." *Multicare Med. Ctr. v. State, Dep't of Soc. & Health Servs.*, 790 P.2d 124, 132–33 (Wash. 1990) (en banc), *superseded by statute on other grounds as recognized by Neah Bay Chamber of Com. v. Dep't of Fisheries*, 832 P.3d 1310, 1312 (Wash. 1992) (en banc). Because Easterday does not allege that Tyson objectively manifested assent to any particular division of profits, he has not pleaded the existence of an enforceable contract. Easterday claims that his participation in Tyson's marketing campaigns cures any alleged indefiniteness, but this argument fails because his participation did not make the contract "certain in every respect in which it might have been regarded as uncertain." *Platts v. Arney*, 278 P.2d 657, 660 (Wash. 1955); *see also Keystone Land*, 94 P.3d at 949.

2. Nor did Easterday allege sufficient facts to show an implied-in-fact contract, which requires a showing that the defendant requested work, the plaintiff expected payment for that work, and the defendant knew or should have known about that expectation. *Young v. Young*, 191 P.3d 1258, 1263 (Wash. 2008) (en banc). Easterday neither expressed his understanding that the parties would share in the profits nor demanded payment from Tyson due to his fraudulent invoicing of ghost cattle. Tyson therefore could not have had actual or constructive knowledge of Easterday's expectation of payment.

3. Easterday argues that he alleged sufficient facts to show a right to

accounting based on an enforceable joint venture. But in the absence of a valid express or implied contract, this claim fails. *See Paulson v. Pierce County*, 664 P.2d 1202, 1208 (Wash. 1983) (en banc) (holding that "a contract, express or implied," is one of the "essential elements of a joint venture").

4. The district court correctly held that the unclean hands doctrine barred Easterday's unjust enrichment and promissory estoppel claims. As the district court noted, Easterday "admitted to submitting false and fraudulent invoices for non-existent cattle" and this fraud "relates directly to the claims he is asserting in his FAC." "It is well settled that a party with unclean hands cannot recover in equity." *Miller v. Paul M. Wolff Co.*, 316 P.3d 1113, 1117 (Wash. Ct. App. 2014).

5. The district court also did not err in finding that the statute of limitations barred Easterday's claims. In Washington, "an action upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument" is subject to a three-year statute of limitations. Wash. Rev. Code § 4.16.080(3). A cause of action for breach of contract accrues upon breach. *1000 Va. Ltd. P'ship v. Vertecs Corp.*, 146 P.3d 423, 429 (Wash. 2006) (en banc). A cause of action for a joint venture claim accrues at the time of exclusion. *Malnar v. Carson*, 910 P.2d 455, 459 (Wash. 1996) (en banc).

Here, Tyson's breach of the alleged oral contract and Easterday's exclusion from the alleged joint venture must have occurred by at least November 2015,

when Easterday did not receive any share of the profits. This was over three years before Easterday initiated this action. To the extent Easterday argues that there was a continuing breach, "[n]o Washington case recognizes a continuing breach as extending the time allowed to bring a suit sounding in contract." *Schreiner Farms, Inc. v. Am. Tower, Inc.*, 293 P.3d 407, 411 (Wash. Ct. App. 2013). Tyson's May 2020 email, moreover, did not serve as an acknowledgement that restarted the statute of limitations because it neither expressly promised compensation to Easterday, nor acknowledged that any obligation existed between the parties. *Fetty v. Wenger*, 36 P.3d 1123, 1125 (Wash. Ct. App. 2001) ("An effective acknowledgement must either expressly promise to pay or acknowledge that the obligation exists.").

6. The district court did not abuse its discretion in dismissing the FAC with prejudice and without leave to amend. "A district court acts within its discretion to deny leave to amend when amendment would be futile, when it would cause undue prejudice to the defendant, or when it is sought in bad faith." *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725–26 (9th Cir. 2000). Given that the statute of limitations bars Easterday's claims, amendment would be futile.

**AFFIRMED.**[1]

---

[1] Easterday's motions for judicial notice, Dkt. Nos. 8, 22, are **GRANTED**.

23-3836