[No. 27757. Department Two. December 26, 1939.]

EDWARD M. TESDAHL, *as Administrator, Appellant,* v. WILLIAM THOMAS COLLINS *et al., Respondents.*[1]

*E. A. Cornelius* and *H. E. T. Herman,* for appellant.

*M. J. Luby,* for respondents.

BEALS, J.—Marta Groenen, Esther Collins, Nellie Appleyard, Einar Johnson, and Chris Johnson were sisters and brothers, natives of Sweden. All but Einar immigrated to the United States. Marta married Henry Groenen, and Esther married William Thomas Collins.

[1]Reported in 97 P. (2d) 649.

Mr. and Mrs. Groenen were the owners of some property, and having been for some time estranged, agreed to divide their property and did so, executing a contract apportioning the same, March 5, 1937. A tract of land described as lots twelve (12) and thirteen (13) in block nineteen (19) of South Side Cable Addition to the city of Spokane, became the separate property of Marta Groenen. Other real estate became the separate property of her husband.

Einar Johnson, who had remained in Sweden after his brothers and sisters immigrated to the United States, was a sailor, presumably in good health, but possessed of no financial resources. The rest of the family were anxious that he should join them in the United States, his sister Marta being particularly desirous that he join the family here. In order to facilitate Einar's coming to this country, his brothers and sisters executed a document guaranteeing that, if admitted to the United States, he would not become a public charge. In due time, Einar arrived at Spokane, and for a time visited his relatives. While visiting the Groenens, during the month of September, 1935, it was found that he was a victim of tuberculosis. The Groenens placed him in a sanitarium for five months, paying his expenses in an amount exceeding five hundred dollars.

It appears that, about this time, Mr. and Mrs. Groenen became estranged, largely because of Mrs. Groenen's excessive use of intoxicating liquor, and finally Mr. Groenen instituted an action for divorce. Later, as above stated, the parties divided their property. The divorce action was never brought to trial. The parties for a while lived apart, but later resumed the marital relation, and were living together at the time of Mrs. Groenen's death.

Prior to February, 1936, Mr. and Mrs. Collins had

been occupying a small apartment. Henry Groenen owned a seven room furnished house in Spokane, and Mr. and Mrs. Collins moved into this house, with Mr. Groenen's consent, Einar living with them. In addition to furnishing the house, rent free, Mr. Groenen testified that he paid Esther Collins twenty dollars per month. She denied receiving these payments, stating that Mr. Groenen gave her some money, but that it was not paid on Einar's account. Mrs. Appleyard and Chris Johnson contributed to Einar's support, in so far as they were able. Einar's condition apparently became progressively worse.

In August, 1937, Mrs. Groenen went to California to visit Mrs. Appleyard. At that time, Mrs. Groenen's house in Spokane was subject to a past due mortgage, upon which there was due about eight hundred dollars. Mrs. Groenen was unable to make payments which the mortgagee required, and desired to refinance the mortgage. October 7, 1937, Marta Groenen signed the following document:

"I, Martha Groenen, hereby give to my sister Esther Collins full authority to take out a new mortgage on my home at 318 West Twentieth Avenue, in the city of Spokane, county of Spokane, state of Washington, in the amount of $2500.

"Out of the above amount she must pay off the old mortgage of $800 more or less, and leave in the bank $1000 for my brother Einar Johnson and the balance of $700 more or less is to be sent to me at 5447 Claremont Avenue, Oakland, California.

MARTHA GROENEN

Witness   NELLIE APPLEYARD"

which she sent to her sister, Mrs. Collins, believing that her sister could then execute a new mortgage on the property. Upon inquiry, Mrs. Collins found that this could not be done, but was advised by Mr. Charles P. Keenan, manager of the mortgage depart-

ment of a bank, that, if the property stood in Mrs. Collins' name, something might be accomplished. Mrs. Collins then caused a deed to be prepared, conveying the property to her husband and herself, and forwarded the same to Mrs. Groenen, in California. The latter executed the deed, November 1, 1937, and returned it to Mrs. Collins, together with a letter of instructions, which was lost prior to the trial. It clearly appears, however, and the trial court found, that this letter was practically identical with the document signed by Mrs. Groenen October 7th, which is above quoted. Mrs. Collins submitted the deed and the instructions to Mr. Keenan, who, after consideration, refused to make the loan.

Einar Johnson's condition having become acute, he entered a sanitarium November 1, 1937, and died there December 20th following. Marta Groenen died August 6, 1938. Mrs. Groenen had returned to Spokane in time to attend her brother's funeral, at which time she assumed control of the dwelling, repaired it, paid some taxes and something on account of the mortgage, also renting the property and collecting the rent. After Mrs. Groenen's death, Mr. and Mrs. Collins asserted a claim of ownership to the property, based upon the deed above referred to.

Henry Groenen was appointed administrator of the estate of his deceased wife and instituted this action for the purpose of quieting title to the property in the estate. It later appeared that Mr. Groenen was not a citizen of the United States, and Edward M. Tesdahl was appointed administrator of the estate, and substituted as plaintiff in this action.

Mr. and Mrs. Collins answered the complaint, alleging that they had paid out large sums for the use and benefit of Einar Johnson; that these expenditures were incurred at the request of Marta Groenen; and that

the deed above referred to was executed and delivered to Mr. and Mrs. Collins

" . . . for the express purpose and with the un-understanding that they should place a mortgage on said real estate to reimburse them for the amount of expenses they had theretofore paid for the said Einar Johnson and to provide funds for expenses of his care and maintenance that might be incurred in the future; that the said Einar Johnson died before said mort-gage could be executed on the said real estate and that it never was executed nor has any of the monies ex-pended by defendants for his use and benefit ever been repaid to them."

Plaintiff having replied to the affirmative matter contained in defendants' answer, the action was tried to the court, sitting without a jury, resulting in find-ings of fact and conclusions of law in favor of defend-ants. The trial court found the ownership of the prop-erty in Mrs. Groenen; the execution by Mrs. Groenen of the document dated October 7, 1937; the execution of the deed, and that the deed was sent by Mrs. Groenen to Mrs. Collins, with a letter containing the same in-structions set forth in the writing of October 7th; that no mortgage was ever executed on the property pur-suant to Mrs. Groenen's instructions; that Mrs. Collins had, at Mrs. Groenen's request, expended money and performed services in the care of her brother in a sum in excess of one thousand dollars; that Marta Groenen had, at the time she executed the deed above referred to, expressed her intention that defendants Collins should be reimbursed out of the real estate for the money which they had expended and the care which they had given to Einar Johnson; that Mrs. Groenen executed the deed for that purpose; that, at the time of Einar's death, Mrs. Groenen was indebted to de-fendants Collins in a sum in excess of one thousand dollars; that defendants Collins disclaimed any inter-

est in the property, save as security for their claim for money spent and the reasonable value of their services.

The court concluded that they were entitled to hold the property under the deed, as security for the payment to them of one thousand dollars, with interest. Judgment to this effect was entered, from which the plaintiff administrator has appealed.

Error is assigned upon the making of three findings of fact; upon the refusal to make certain findings requested by appellant; upon the decision of the trial court that the deed constituted a mortgage in respondents' favor; and upon the entry of judgment in favor of respondents.

The judgment from which appellant has appealed does not award respondents any money judgment against appellant, as administrator, but merely adjudges that the deed to respondents is held by them as security for the payment to them of the sum of one thousand dollars, with interest and costs; and that, upon payment of the amounts mentioned, respondents shall release the property from the lien created by the judgment.

A mortgage is defined in 19 R. C. L. 243, title "Mortgages," § 4, as follows:

"A mortgage, or mortuum vadium as it was originally termed, may be generally defined as a conveyance of property to secure the performance of some obligation, the conveyance to be void on the due performance thereof."

Section 7 of the same authority (p. 244) provides:

"It may be accepted as axiomatic that a conveyance cannot be a mortgage unless given to secure the performance of an obligation."

To support a mortgage, there must be a debt capable of identification, and the amount thereof must be as-

certainable. In the case of *Johnson v. National Bank of Commerce,* 65 Wash. 261, 118 Pac. 21, L. R. A. 1916B, 4, this court said:

"The only question we need to consider is, Did the parties intend that the transaction should be a mortgage? It is well settled that the character of the transaction is fixed at its inception and that it is what the intention of the parties makes it. *Clambey v. Copland,* 52 Wash. 580, 100 Pac. 1031; 20 Am. & Eng. Ency. Law (2d ed.), 938; 1 Jones, Mortgages (3d ed.), § 263."

In the case at bar, respondents alleged, by way of a cross-complaint, that Marta Groenen intended that the real property be mortgaged to reimburse respondents for the amount they had paid for Einar Johnson, and for future expenditures on his behalf, respondents praying that the deed be declared to be a mortgage to secure payment of something over sixteen hundred dollars. Respondents have not, in this action, asked judgment against the estate of Marta Groenen. They have merely defended the administrator's suit to quiet title, claiming a lien under the deed. Respondents do not now contend that the deed conveyed to them any title; they assert that its effect is something different than its form indicates. Before respondents were entitled to the relief which they asked, it was necessary that the evidence show, first, that Marta Groenen was indebted to them, and second, that the deed was, by Marta Groenen, intended as security for that debt.

Respondents state that the sole question to be determined is whether or not the deed was given to secure respondents for services and expenses incurred in the care of Einar Johnson. They further contend that, if the instrument was not a deed, then it must necessarily be a mortgage. This argument is fallacious, as the instrument, in form a deed, may in fact be neither a deed nor a mortgage, but a mere nullity, a part of an incomplete or contemplated transaction.

All four of Einar's brothers and sisters had assumed the burden of seeing to it that Einar did not become a public charge. Mr. and Mrs. Groenen paid most of his expenses up to February, 1937, when the Groenens separated. After that, respondents occupied Mr. Groenen's house, free of rent, and, according to the preponderance of the evidence, received from him some money.

Mrs. Groenen's intent in executing the deed clearly appears. The property was to be mortgaged, the old mortgage paid, one thousand dollars to be put in the bank for Einar, the balance to be sent to Mrs. Groenen. The record is silent as to any intent on the part of Marta Groenen that respondents should be reimbursed out of the proceeds of the mortgage for any moneys which they had already spent for Einar, or that they should be paid anything for his care. Respondents call our attention to no such evidence, simply arguing that the intent of Mrs. Groenen is sensed from the entire record, rather than derived from any explicit statement.

The thousand dollars was to be a gift to Einar. Of course, Mrs. Groenen intended that he use the money to pay expenses rendered necessary by his illness, but evidently she contemplated future expenses, not past expenditures. It is undoubtedly true that Mrs. Groenen was devoted to her brother and was perfectly willing to strain her resources to the uttermost to help him during his illness, but before respondents are entitled to the relief given them by the trial court, the record must show that Mrs. Groenen intended that the deed which she executed be held by them as security for money which Mrs. Groenen owed them, or might owe them in the future. In the case of *O'Reilly v. Tillman,* 111 Wash. 594, 191 Pac. 866, this court said:

"To create the relation of mortgagor and mortgagee it is essential that there should be a debt capable of enforcement by action and which was intended to be secured by a mortgage."

Mrs. Groenen directed that the one thousand dollars be left in the bank for her brother Einar. Apparently, the trial court was of the opinion that, because Mrs. Groenen was willing to allow her brother to use this amount out of the proceeds of the contemplated mortgage, respondents are entitled to a lien for that sum upon the property.

The deed was executed and sent to respondents for a definite purpose, namely, to enable respondents to mortgage the property, which Mrs. Groenen was unable to do, because the company from whom the loan had been requested had refused to make a new loan to Mrs. Groenen. The deed was never used for the purpose for which it was executed and forwarded. The plan of operations failed of completion. The deed was not delivered with intent that it operate as security to respondents for any amount which Marta Groenen might owe them. Upon the record, it must be held that the deed never became effective for any purpose whatsoever.

Whether or not respondents have any claim against the estate of Marta Groenen, is a matter with which we are not here concerned.

The judgment appealed from is reversed, with instructions to the trial court to quiet appellant's title to the property referred to in the deed, as against respondents.

BLAKE, C. J., STEINERT, GERAGHTY, and JEFFERS, JJ., concur.