[No. 34168. Department Two. September 5, 1957.]

NICK KOSTER, *Appellant*, v. L. G. WINGARD *et al.*,
*Respondents.*[1]

*Michael S. Curtis,* for appellant.

*Rummens, Griffin, Short & Cressman,* for respondents.

FOSTER, J.—In the second amended complaint, upon which this action went to trial, appellant claimed an equitable mortgage on four fishing boats, in which he asked the court to declare a resulting trust. The trial court found that the appellant had not proved his case and dismissed the action. He appeals.

The first complaint, verified March 25, 1954, sought

[1]Reported in 314 P. (2d) 928.

$10,000 for work and labor performed upon the four fishing boats. In an amended complaint, verified October 16, 1954, additional damage was claimed for each boat in the sum of $1,200 for each season detained, a total of $14,400. But in the second amended complaint, verified on February 6, 1955, the original claims were abandoned, and an equitable mortgage claimed and an accounting asked. The inconsistency of the claims is not explained.

The appellant had been in the fish business and wanted to get back into it, but was without funds. In the spring of 1952, appellant advised the respondents he knew of four partially completed fishing boats in Everett, and if the respondents would buy them and finish them, he then would purchase them from the respondents as soon as he could raise the money and fish them during the ensuing season. Appellant was granted time to raise the necessary funds, but was never able to do so. The respondents purchased the boats from the owner and received a bill of sale therefor. Respondents, likewise, purchased the materials with which to complete the boats. When completed, they were delivered by the appellant to the respondents at dockside in Seattle for transshipment to Alaska. In the three-year interval prior to the filing of the amended complaint, appellant did not claim to own the boats, but, on the other hand, asserted that the respondents were indebted to him.

██ Six of nine assignments of error are either "The trial court erred in failing to find," or "The trial court erred in not holding." Such are not assignments of error but an invitation to this court to search the record to see if we can find error, but we consider only errors specifically pointed out. Rules on Appeal 42 (1) (f) and 43, 34A Wn. (2d) 45, 47, as amended effective January 2, 1953, require appellant to set out verbatim in the brief, so much of the findings refused as are claimed to be erroneous; otherwise, such errors cannot be considered.

██ We took occasion to say in *Becwar v. Bear,* 41 Wn. (2d) 37, 246 P. (2d) 1110, that the phrase "erred in holding" or "erred in failing to hold" was not an assignment of error, and that at best such assignments were only appli-

cable to conclusions of law and do not bring up for review the facts found upon which the conclusions were based. See, also, *Downie v. Cooledge,* 48 Wn. (2d) 485, 294 P. (2d) 926; *In re Youngkin's Estate,* 48 Wn. (2d) 432, 294 P. (2d) 426; *Browning v. Browning,* 46 Wn. (2d) 538, 283 P. (2d) 125.

The only finding of fact set out in the assignments of error is No 2, that the appellants failed to sustain the burden of proof, and it is impossible for us to say that the trial court wrongly decided it.

■ Appellant's counsel frankly conceded in the argument that the appellant had no money in the boats. A mortgage is only security for a debt, without which it cannot exist. The appellant himself testified unequivocally that he was not indebted to the respondents. Appellant never owned the boats. Respondents purchased them with their own funds from the original owners, who accompanied their delivery with a bill of sale. Under such circumstances, appellant's claims collapse completely. That disposes of the appeal, because a mortgage cannot exist without a debt, and that debt must be identified and the amount fixed with certainty. *Tesdahl v. Collins,* 2 Wn. (2d) 76, 97 P. (2d) 649. See, also, 36 Am. Jur. 717, § 58; 59 C. J. S. 132, § 87, note 95.

At the conclusion of the trial, the able and experienced trial judge aptly commented:

"The real fact is that after analysis of the facts as they came in, counsel assured this individual that he had been deprived of the title to his boats and the net result was a mortgage and it fitted under a certain line of cases, but the trouble is it doesn't fit here according to the testimony."

The judgment is, therefore, affirmed.

HILL, C. J., SCHWELLENBACH, DONWORTH, and ROSELLINI, JJ., concur.