N THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| SAODY ENG, an individual, | ) | No. 82378-7-I |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SPECIALIZED LOAN SERVICING, | ) | PUBLISHED OPINION |
| a foreign limited liability company, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

VERELLEN, J. — The statute of limitations runs against each installment of a promissory note once it is past due. Time-barred debt remains valid though unenforceable. A creditor can demand repayment of valid debt without enforcing it.

When, as here, a creditor holds a deed of trust securing an unaccelerated promissory note with past due installments—some time-barred and some not—the creditor can demand payment of all past due installments. But if the creditor threatens to foreclose the deed of trust based upon both actionable and time-barred debt unless the debtor repays both, then the creditor's omission that the time-barred debt is unenforceable has the capacity to mislead the debtor regarding a statute of limitations defense to the foreclosure. An allegation that the creditor engaged in this type of deceptive practice in violation of the Consumer Protection Act (CPA), chapter 19.86 RCW, can survive a CR 12(b)(6) motion to dismiss.

A creditor's mere threats of enforcement actions it can legally take do not violate RCW 19.16.250(16) of the Collection Agency Act (CAA). Nor does a creditor violate RCW 19.16.250(21) of the CAA merely by demanding payment of time-barred debt when the debt remains valid.

Saody Eng filed a complaint alleging Specialized Loan Servicing, LLC, (SLS) violated the CPA, the CAA, and was negligent when it threatened foreclosure on a deed of trust because of past due installments that included time-barred debt. The trial court granted SLS's CR 12(b)(6) motion to dismiss. SLS omitted disclosing that portions of the debt were time-barred and unenforceable. Because SLS's notice of intent to foreclose created an impression with the capacity to mislead a reasonable consumer about the availability of a statute of limitations defense, Eng adequately alleged a deceptive act under the CPA. And because she adequately pleaded the remaining elements of a prima facie CPA claim, Eng's CPA claim should not have been dismissed at this stage of the proceedings.

Because Eng failed to allege a cognizable CAA violation or negligence claim, the trial court did not err by dismissing those claims.

Therefore, we affirm in part, reverse in part, and remand.

FACTS[1]

In 2006, Eng purchased a property using two loans, each secured by a deed of trust. The second loan, which was for $67,990, is at issue here.

---

[1] Because this is an appeal from a CR 12(b)(6) motion to dismiss, all facts are taken from the operative complaint unless otherwise noted. See Jackson v. Quality Loan Serv. Corp., 186 Wn. App. 838, 843, 347 P.3d 487 (2015) ("All facts alleged in the plaintiff's complaint are presumed true.") (citing Tenore v. AT&T Wireless Servs., 136 Wn.2d 322, 330, 962 P.2d 104 (1998)).

In 2008, Eng lost her job and began missing payments. She has not made a payment toward her second loan since, at the latest, November 1, 2008.

In March of 2019, SLS began servicing the loan. In July of 2019, it sent Eng a "Default Notice and Notice of Intent to Foreclose":

> Dear Saody Eng,
>
> The Note on the above-referenced loan is now in default as a result of your failure to pay the 11/01/08 payment and the payments each month thereafter, as provided for in said Note. <u>You are hereby notified that to cure such default[,] you are required to pay this office all past due payments plus late charges . . . The amount required to cure the arrears as of 07/25/19 is $88,196.01.</u> You have thirty-three (33) days from the date of this letter to cure the default. We urge you to immediately, upon receipt of this letter, contact our Customer Assistance Department at the number provided below to obtain the updated amount required to reinstate your loan.
>
> . . . .
>
> This notice does not affect your ability to apply for or be evaluated for a foreclosure prevention option or any pending loss mitigation option that may have been extended.
>
> Failure to pay the total amount due . . . by 08/27/19 may result in acceleration of the entire balance outstanding under the Note including . . . commencement of foreclosure of the Trust Deed/Mortgage[,] which is security for your Note.[2]

In early October, SLS notified Eng her "mortgage account is delinquent" and sent her a "Notice of Pre-Foreclosure Options."[3] SLS has not accelerated the note.

---

[2] Clerk's Papers (CP) at 42 (emphasis added). Because Eng made allegations in her complaint based upon her deed of trust and this "Default Notice," the trial court could consider both documents when evaluating SLS's CR 12(b)(6) motion to dismiss. Jackson, 186 Wn. App. at 844 (citing Rodriguez v. Loudeye Corp., 144 Wn. App. 709, 726, 189 P.3d 168 (2008)).

[3] CP at 4.

Eng filed a complaint against SLS in mid-October, alleging it was a collection agency that violated the CAA, violated the CPA, and committed common law negligence. SLS filed a CR 12(b)(6) motion to dismiss, which the court granted without prejudice.[4]

Eng appealed. SLS moved to dismiss, arguing the trial court order was not appealable because the court dismissed without prejudice. Commissioner Masako Kanazawa denied the motion but let SLS raise issues of appealability in its briefing on appeal.

## ANALYSIS

As a threshold matter, SLS argues the trial court's decision is not reviewable as a matter of right under RAP 2.2(a) because the trial court dismissed Eng's complaint without prejudice. Dismissal of an action with prejudice is a final judgment on the merits of a controversy.[5] A dismissal without prejudice ordinarily does not have preclusive effect and is not appealable as a matter of right unless the practical effect is to determine an action by discontinuing it or preventing a final judgment.[6] In Barnier v. City of Kent, for example, this court concluded a CR 12(b)(6) dismissal without prejudice

---

[4] Eng's claim for declaratory judgment was also dismissed, but she does not assign error to that ruling.

[5] Berschauer Phillips Const. Co. v. Mut. of Enumclaw Ins. Co., 175 Wn. App. 222, 228 n.11, 308 P.3d 681 (2013) (citing Banchero v. City Council of City of Seattle, 2 Wn. App. 519, 525, 468 P.2d 724 (1970)).

[6] Wachovia SBA Lending, Inc. v. Kraft, 165 Wn.2d 481, 487, 200 P.3d 683 (2009) (quoting Munden v. Hazelrigg, 105 Wn.2d 39, 44, 711 P.2d 295 (1985)); RAP 2.2(a)(3).

was appealable because the trial court dismissed the claim as nonjusticable, meaning the "practical effect of the order was to discontinue the action."[7]

Here, like Barnier, the trial court dismissed Eng's claims because it concluded they were legally insufficient, essentially adjudicating their merits with the practical effect of discontinuing the action. Because RAP 2.2(a)(1) allows an appeal as a matter of right under these circumstances, we will consider Eng's appeal.

We review a CR 12(b)(6) motion to dismiss de novo.[8] Under this generous standard of review, we presume all factual allegations in the complaint are true, as are any reasonable inferences from them.[9] "'[A]ny hypothetical situation conceivably raised by the complaint defeats a CR 12(b)(6) motion if it is legally sufficient to support the plaintiff's claim.'"[10] But dismissal is appropriate when "'a plaintiff's claim remains legally insufficient even under his or her proffered hypothetical facts.'"[11]

I. Collection Agency Act

Eng alleges SLS violated RCW 19.16.250(16) and .250(21) of the CAA. RCW 19.16.250(16) prohibits a collection agency from "[t]hreaten[ing] to take any action against the debtor which the [debt collector] cannot legally take at the time the threat is

---

[7] 44 Wn. App. 868, 871, 872 n.1, 723 P.2d 1167 (1986).

[8] Jackson, 186 Wn. App. at 843 (citing FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc., 180 Wn.2d 954, 962, 331 P.3d 29 (2014)).

[9] Trujillo v. Nw. Tr. Servs., Inc., 183 Wn.2d 820, 830, 355 P.3d 1100 (2015) (citing Gorman v. City of Woodinville, 175 Wn.2d 68, 71, 283 P.3d 1082 (2012)).

[10] Jackson, 186 Wn. App. at 843 (alteration in original) (quoting Bravo v. Dolsen Cos., 125 Wn.2d 745, 756, 888 P.2d 147 (1995)).

[11] Id. at 843-44 (quoting Gorman v. Garlock, Inc., 155 Wn.2d 198, 215, 118 P.3d 311 (2005)).

made." SLS sent a letter threatening foreclosure on $89,562.39 in debt.[12] Eng concedes that SLS has "the right to foreclose on installment payments within the statute of limitations,"[13] and her complaint alleges portions of her debt are within the limitations period. Thus, Eng agrees that SLS could legally begin foreclosure proceedings against her, even if she disagrees about the amount of debt to which it was entitled from that proceeding. Because SLS could legally threaten foreclosure, it did not violate RCW 19.16.250(16).

RCW 19.16.250(21) prohibits a collection agency from collecting or "attempt[ing] to collect in addition to the principal amount of a claim any sum other than allowable interest, collection costs or handling fees expressly authorized by statute." Under the CAA, a "claim" is "any obligation for the payment of money or thing of value arising out of any agreement or contract, express or implied."[14] Thus, subsection .250(21) prohibits a collection agency from attempting to collect amounts other than principal, interest, and statutorily authorized costs or fees from an obligation originating in an agreement.

Eng alleged SLS violated this statute by sending the notice of default threatening foreclosure on a sum of debt, including time-barred debt, from a note secured by a deed of trust. Although the lapsed limitations period restricts the right to enforce the entire

---

[12] SLS does not dispute that its notice of default letter can be read as a threat to foreclose. Wash. Court of Appeals oral argument, Eng v. Specialized Loan Servicing, LLC, No. 82378-7 (Oct. 27, 2021), at 15 min. through 15 min., 20 sec., https://www.tvw.org/watch/?clientID=9375922947&eventID=2021101139&startStreamAt=900&stopStreamAt=920&autoStartStream=true.

[13] Reply Br. at 10.

[14] RCW 19.16.100(2).

obligation,[15] the debt remains valid.[16]  Eng does not argue her debt was invalid.  Because SLS was demanding payment of principal, interest, and authorized fees from a valid claim, Eng failed to adequately allege SLS violated RCW 19.16.250(21).

## II. Negligence

Eng alleges that SLS breached its common law duty of reasonable care "when it attempted to collect amounts not legally owed by [her]."[17]  But Eng acknowledges "she has not made any of the installment payments since at least 2008."[18]  SLS was entitled to demand payment of valid debt Eng legally owed,[19] even if, as explained below, it is unable to enforce the time-barred portion of Eng's valid obligation.[20]  Because time-barred debt remains valid and owing, Eng failed to allege facts supporting a claim that SLS breached its duty by attempting to collect amounts not legally owed.

## III. Consumer Protection Act

The CPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."[21]  Eng alleged SLS committed both a per se CPA violation by violating the CAA and a statutory violation by using unfair and deceptive collection practices.  Because Eng failed to allege a valid CAA violation, the issue is whether she adequately alleges an unfair or deceptive practice.

---

[15] Pratt v. Pratt, 121 Wash. 298, 303, 209 P. 535 (1922).

[16] Jordan by Prappas v. Bergsma, 63 Wn. App. 825, 828, 822 P.2d 319 (1992).

[17] CP at 8.

[18] Reply Br. at 6.

[19] Jordan, 63 Wn. App. at 828.

[20] Pratt, 121 Wash. at 303.

[21] RCW 19.86.020.

7

"The CPA is a particularly appropriate vehicle" for regulating collection practices[22] because "debt collection activities that are not regulated under the CAA may constitute unfair and deceptive practices under the broader scope of the CPA."[23] "To prevail on a CPA action, the plaintiff must prove an '(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation.'"[24] Washington courts can look to federal courts for guidance on whether certain business practices violate the CPA.[25]

SLS argues Eng failed to allege sufficient facts to show the first, third, and fifth elements of a prima facie CPA claim.

Whether an act was "unfair or deceptive" is a question of law.[26] When reviewing a CR 12(b)(6) dismissal, a plaintiff alleges a deceptive act when their complaint claims the defendant knowingly failed "'to reveal something of material importance.'"[27] And when a plaintiff alleges facts showing "'that the alleged act had the <u>capacity</u> to deceive a

---

[22] <u>Panag v. Farmers Ins. Co. of Wash.</u>, 166 Wn.2d 27, 49, 204 P.3d 885 (2009).

[23] <u>Id.</u> at 54-55.

[24] <u>Klem v. Wash. Mut. Bank</u>, 176 Wn.2d 771, 782, 295 P.3d 1179 (2013) (quoting <u>Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.</u>, 105 Wn.2d 778, 780, 719 P.2d 531 (1986)).

[25] <u>Panag</u>, 166 Wn.2d at 47 (citing <u>State v. Reader's Digest Ass'n</u>, 81 Wn.2d 259, 275, 501 P.2d 290 (1972)).

[26] <u>Bain v. Metro. Mortg. Grp.</u>, 175 Wn.2d 83, 116, 285 P.3d 34 (2012) (citing <u>Leingang v. Pierce County Med. Bureau, Inc.</u>, 131 Wn.2d 133, 150, 930 P.2d 288 (1997)).

[27] <u>Deegan v. Windermere Real Estate/Ctr.-Isle, Inc.</u>, 197 Wn. App. 875, 885, 391 P.3d 582 (2017) (internal quotation marks omitted) (quoting <u>Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.</u>, 162 Wn.2d 59, 75, 170 P.3d 10 (2007)).

substantial portion of the public,'" then the defendant's intent is immaterial.[28]  Deception exists "'if there is a representation, omission, or practice that is likely to mislead' a reasonable consumer."[29]

An accurate communication can still be deceptive.[30]  Even a truthful statement can be deceptive if it creates a misleading "net impression."[31]

SLS's notice of intent to foreclose told Eng "that to cure such default[,] you are required to pay this office all past due payments plus late charges" and that "[t]he amount required to cure the arrears as of 07/25/19 is $88,196.01."[32]  Eng argues this was deceptive because the amount of debt includes unenforceable, time-barred debt.  SLS contends that because Eng actually owes the amount stated in the notice, "nothing on the face of SLS's representation of the amount owed on the loan is a misrepresentation."[33]  Even if literally correct, SLS's argument overlooks a material omission in its notice.

---

[28] Behnke v. Ahrens, 172 Wn. App. 281, 290, 294 P.3d 729 (2012) (quoting Hangman Ridge, 105 Wn.2d at 785)).

[29] Panag, 166 Wn.2d at 50 (quoting Sw. Sunsites, Inc. v. Fed. Trade Comm'n, 785 F.2d 1431, 1435 (9th Cir. 1986)).

[30] Id.

[31] State v. Living Essentials, LLC, 8 Wn. App. 2d 1, 16, 436 P.3d 857 (quoting id.), review denied, 193 Wn.2d 1040, 449 P.3d 658 (2019), cert. denied, 141 S. Ct. 234, 208 L. Ed. 2d 14 (2020).

[32] CP at 42.

[33] Resp't's Br. at 21.

Deed of trust remedies are subject to RCW 4.16.020, the six-year statute of limitations.[34] When a debtor is in arrears, a creditor can enforce the debt by acting on the promissory note or by foreclosing on a security instrument, such as a deed of trust, if the debtor fails to cure.[35] "[W]hen recovery is sought on an installment note, 'the statute of limitations runs against each installment from the time it becomes due; that is, from the time when an action might be brought to recover it.'"[36] In Washington, unlike a majority of lien-theory states, "'the mortgage creates a lien only, and is an incident to, and collateral security for, the debt.'"[37] Thus, for Washington creditors, any "action upon the mortgage is barred when the statute of limitations has run against the [entire] debt which the mortgage was given to secure."[38] Once the limitations period has run on an installment, the debt from that installment remains valid although time-barred and

---

[34] Merceri v. Bank of New York Mellon, 4 Wn. App. 2d 755, 759, 434 P.3d 84 (2018) (quoting Edmundson v. Bank of Am., N.A., 194 Wn. App. 920, 927, 378 P.3d 272 (2016)).

[35] RCW 61.24.030, .090.

[36] 4518 S. 256th, LLC v. Karen L. Gibbon, P.S., 195 Wn. App. 423, 434, 382 P.3d 1 (2016) (quoting Herzog v. Herzog, 23 Wn.2d 382, 388, 161 P.2d 142 (1945)).

[37] Pratt, 121 Wash. at 301-02 (quoting Spokane County v. Prescott, 19 Wash. 418, 423, 53 P. 661 (1898)); see RESTATEMENT (THIRD) OF PROPERTY: MORTGAGES § 4.1 cmt. a(1), at 186 (1997) (noting "a minority of [lien theory states] hold that when the remedy on the obligation is barred so also is the remedy on the mortgage. This result is justified on the ground that the mortgage is merely an incident of the obligation and should not be enforceable if the obligation is not.").

[38] Pratt, 121 Wash. at 303; see 18 WILLIAM B. STOEBUCK & JOHN W. WEAVER, WASHINGTON PRACTICE: REAL ESTATE: TRANSACTIONS, § 18.34, at 370 (noting that Pratt is still "sound" and stands for the rule that a lapsed limitations period bars enforcement of the debt).

unenforceable.[39]  A debtor facing foreclosure can raise the statute of limitations as a defense to the sale.[40]

SLS does not dispute that when the limitations period has run on an entire secured debt, then the creditor cannot enforce it.[41]  This long-settled rule remains true whether a creditor elects a judicial or nonjudicial foreclosure.[42]  If the creditor seeks to foreclose, the debtor can assert the statute of limitations as an affirmative defense and seek to quiet title against their mortgage or deed of trust.[43]

SLS contends that the statute of limitations has no impact on its ability to foreclose on past due installments that are more than six years old when some installments remain actionable.  Therefore, SLS argues, Eng has no cognizable CPA

---

[39] See Jordan, 63 Wn. App. at 828 ("Although enforcement of an obligation may be barred by the statute of limitation, the obligation does not become void.").

[40] Walcker v. Benson & McLaughlin, P.S., 79 Wn. App. 739, 746, 904 P.2d 1176 (1995); RCW 7.28.300.

[41] Wash. Court of Appeals oral argument, Eng v. Specialized Loan Servicing, LLC, No. 82378-7 (Oct. 27, 2021), at 10 min., 10 sec. through 10 min., 36 sec., http://www.tvw.org/watch/?clientID=9375922947&eventID=2021101139&startStreamAt=610&stopStreamAt=636&autoStartStream=true; see Koster v. Wingard, 50 Wn.2d 855, 857, 314 P.2d 928 (1957) ("[A] mortgage cannot exist without a debt.") (citing Tesdahl v. Collins, 2 Wn.2d 76, 81, 97 P.2d 649 (1939)).

[42] See Hodge v. Truax, 184 Wash. 360, 368-69, 51 P.2d 357 (1935) ("[W]here the statute of limitations has run against a note which is secured by a mortgage, a right of action on the mortgage is also barred."); Walcker, 79 Wn. App. at 746 (holding RCW 7.28.300 and the Deed of Trust Act, ch. 61.24 RCW, allow the statute of limitations as a defense in foreclosures of a deed of trust securing entirely time-barred debt); see also 18 STOEBUCK & WEAVER, § 20.10, at 104 (2d ed. Supp. 2021) (explaining "non-judicial foreclosure can be begun within six years of any particular installment default and the amount due can be the then principal amount owing" but an "untimely sale is time-barred").

[43] Walcker, 79 Wn. App. at 746; see Terhune v. N. Cascade Tr. Servs., Inc., 9 Wn. App. 2d 708, 728 n.5, 446 P.3d 683 (2019) (noting a debtor should raise in a foreclosure proceeding whether time-barred payments can affect the amounts recoverable in foreclosure).

claim. For the reasons explained below, we disagree with SLS's premise. If there are past due installments, a creditor may enforce the actionable past due installments but not the time-barred past due installments.[44]

We applied that rule in Cedar West Apartment Owners Association v. Nationstar Mortgage, LLC, where nonjudicial foreclosure of a deed of trust based upon past due installments was allowed for the actionable installments but not for those made unenforceable by the six year statute of limitations.[45] Because each installment payment was due on the first of each month, the debtor made his last payment in May of 2010, and the creditor did not initiate foreclosure until mid-October of 2016, we held the creditor could not foreclose on installment payments from before the November 1, 2010 installment due date.[46] Prior Washington decisions applying the statute of limitations to mortgage and deed of trust foreclosures are generally consistent with this concept.[47]

---

[44] See, e.g., George v. Butler, 26 Wash. 456, 468, 67 P. 263 (1901) ("The mortgage being a mere incident to the note, and its only purpose being to secure the same, it has fulfilled its purpose, as far as the debt represented by the note is concerned, when there is no longer a right of action upon the note."); In re Tragopan Props., LLC, 164 Wn. App. 268, 270, 273, 263 P.3d 613 (2011) ("The running of the statute of limitations is generally a bar to an action on an unpaid debt. . . . An action upon a note or other written instrument must be commenced within six years.") (citing RCW 4.16.040).

[45] 7 Wn. App. 2d 473, 489-90, 434 P.3d 554 (2019).

[46] Id.

[47] E.g., Pratt, 121 Wash. at 303 (explaining "it seems to be the universal rule in all those jurisdictions which hold that the mortgage creates nothing but a lien that an action upon the mortgage is barred when the statute of limitations has run against the debt which the mortgage was given to secure" and holding a creditor could not foreclose on an equitable mortgage when the debt was time-barred); George, 26 Wash. at 457-58, 468 (holding a lender could not foreclose on a time-barred note but could foreclose on an actionable note when the lender attempted to foreclose on a single mortgage securing a two notes, one time-barred and one actionable); Tragopan, 164 Wn. App. at

Courts in Arizona, which has similar mortgage laws, have reached the same result.[48] Like Washington, Arizona also has a six-year limitations period for debt from a written contract.[49] It too follows the minority rule that when its limitations period runs on a debt, the statute of limitations prevents enforcement of both the debt and a related security agreement.[50] And the limitations period begins to run on each installment from a promissory note once the installment is past due.[51]

In Navy Federal Credit Union v. Jones, the Arizona Court of Appeals considered whether that state's six-year statute of limitations allowed acceleration and foreclosure of all installment payments from a promissory note, including past due installments more than six years old.[52] In 1981, a woman and her husband obtained a $13,800 loan from a credit union, and the promissory note contained an acceleration clause.[53] When the woman and her husband divorced, he assumed the entire debt.[54] He died in 1989

---

270-71 (holding a developer could not foreclose on two deeds of trust it held to secure promissory notes because the limitations period had run on the notes).

[48] E.g., Ortiz v. Trinity Fin. Servs., LLC, 98 F. Supp. 3d 1037, 1042 (D. Ariz. 2015) (holding a creditor could foreclose on actionable installment payments because "[w]hile some installment payments on the debt are barred by the six-year statute of limitations, others are not").

[49] Atlee Credit Corp. v. Quetulio, 22 Ariz. App. 116, 117, 524 P.2d 511, 512 (1974).

[50] Stewart v. Underwood, 146 Ariz. 145, 148, 704 P.2d 275, 278 (Ct. App. 1985) (citing De Anza Land & Leisure Corp. v. Raineri, 137 Ariz. 262, 265, 669 P.2d 1339, 1343 (Ct. App. 1983)); see RESTATEMENT (THIRD) OF PROPERTY: MORTGAGES § 4.1 cmt. a(1), at 186 (noting "a minority of [lien theory states] hold that when the remedy on the obligation is barred so also is the remedy on the mortgage").

[51] Navy Fed. Credit Union v. Jones, 187 Ariz. 493, 495, 930 P.2d 1007, 1009 (Ct. App. 1996).

[52] 187 Ariz. 493, 494, 930 P.2d 1007, 1008 (Ct. App. 1996).

[53] Id.

[54] Id.

while in arrears on the note.[55]  On June 15, 1994, the credit union sued the woman to enforce the entire debt, and it accelerated the remaining installments.[56]  The court concluded the credit union could accelerate future installments and enforce the debt from unpaid installments from after June 15, 1988, but it could not enforce unpaid installments from before June 15, 1988, because they were time-barred.[57]

With this background and on this generous standard of review,[58] the question presented is whether Eng alleged a cognizable CPA claim under "'any hypothetical situation conceivably raised by the complaint.'"[59]  Specifically, we must resolve whether a creditor's notice could deceive a debtor by implying the creditor is entitled to enforce and receive a particular sum of debt when a portion of that debt is time-barred.

Here, SLS sent Eng a notice of intent to foreclose, stating the sum of her debt without distinguishing the portion of her debt that was time-barred.  The notice stated that to cure, Eng was "required to pay this office all past due amounts" within 33 days and "[f]ailure to pay the total amount due under the terms and conditions of your Deed of Trust/Mortgage" could lead to SLS taking legal action.[60]  SLS had not accelerated the note.

The foreclosure notice did not distinguish actionable debt from time-barred debt and omitted any mention that SLS was barred from enforcing any of the time-barred

---

[55] Id.

[56] Id. at 1008-09.

[57] Id. at 1010.

[58] Trujillo, 183 Wn.2d at 830 (citing Gorman, 175 Wn.2d at 71).

[59] Jackson, 186 Wn. App. at 843 (quoting Bravo, 125 Wn.2d at 756).

[60] CP at 42.

debt. Hypothetically, such a threat could leverage a debtor into repaying time-barred debt to avoid enforcement when the debtor could otherwise seek to bar that debt in a foreclosure setting.[61] The legal status of the debt is material to a reasonable consumer's understanding of a creditor's ability to act and to comprehending their own legal and financial risk.[62] Even if SLS's letter was technically accurate, omitting the material information that a portion of the debt was time-barred and unenforceable created a misleading impression of SLS's leverage and Eng's risk.[63] Because Eng alleged facts sufficient to claim SLS's business practices had the capacity to deceive a reasonable consumer, her complaint satisfied the first element for a prima facie CPA claim.[64, 65]

SLS contends Eng's allegations do not implicate the public interest. A private plaintiff bringing a CPA claim can demonstrate their lawsuit serves the public interest

---

[61] See Walcker, 79 Wn. App. at 746 (limitations period defense applies to judicial and nonjudicial foreclosures and can be raised on a motion to restrain a trustee's sale); see also Terhune, 9 Wn. App. 2d at 728 n.5 (application of limitations period to debt can be raised in a foreclosure action); Cedar W., 7 Wn. App. 2d at 484 (limitations period runs against installment debt more than six years past due.) (citing Edmundson, 194 Wn. App. at 930).

[62] Cf. Kaiser v. Cascade Capital, LLC, 989 F.3d 1127, 1134 (9th Cir. 2021) ("'Whether a debt is legally enforceable is a central fact about the character and legal status of that debt.'") (quoting McMahon v. LVNV Funding, LLC, 744 F.3d 1010, 1020 (7th Cir. 2014)).

[63] See Living Essentials, 8 Wn. App. 2d at 16 (an accurate claim can be misleading because of the "net impression" created) (quoting Panag, 166 Wn.2d at 50).

[64] See Panag, 166 Wn.2d at 50 ("Deception exists 'if there is a representation, omission, or practice that is likely to mislead' a reasonable consumer.") (quoting Sw. Sunsites, 785 F.2d at 1435).

[65] The parties do not meaningfully brief and we do not reach whether such an omission in a notice of default is a violation of the Deed of Trust Act, ch. 61.24 RCW. Our analysis is limited to whether Eng states a cognizable CPA claim.

"by showing a likelihood that other plaintiffs have been or will be injured in the same fashion."[66]  Eng alleged that SLS deceived her in the course of its business as a debt collector and that SLS "regularly attempts to collect third party debts."[67]  To defend its practices, SLS cites to other lawsuits filed in Washington, revealing that SLS has used similar practices with other consumers.[68]  On review of a CR 12(b)(6) motion to dismiss, such allegations are sufficient to satisfy the public interest element.[69]

SLS argues Eng failed to allege a causal connection between its practices and her alleged injuries.  When a plaintiff alleges deception through omission of a material fact, a rebuttable presumption of reliance applies.[70]  Because Eng alleged she incurred expenses due to a notice with the capacity to mislead by omission,  Eng adequately alleged SLS caused cognizable injuries under the CPA.

Eng alleged SLS's business practices were deceptive and caused her to be injured in her person or property.  Because she stated a prima facie CPA claim,[71] the trial court erred by dismissing it under CR 12(b)(6).

---

[66] Trujillo, 183 Wn.2d at 835 (citing Michael v. Mosquera-Lacy, 165 Wn.2d 595, 604-05, 200 P.3d 695 (2009)).

[67] CP at 2.

[68] See CP at 11 (citing Nelson v. Specialized Loan Servicing, LLC, No. 3:20-CV-05461-RBL, 2020 WL 5065292, at *3, (W.D. Wash. Aug. 27, 2020) (debtor alleging a CPA violation for attempting to collect time-barred debt)).

[69] See Trujillo, 183 Wn.2d at 836 (concluding the public interest element was met because the plaintiff alleged the business practices involved the sale of property and asserted other plaintiffs "have or likely will suffer injury in the same fashion") (citing Michael, 165 Wn.2d at 604-05).

[70] Deegan, 197 Wn. App. at 890.

[71] Klem, 176 Wn.2d at 782 (quoting Hangman Ridge, 105 Wn.2d at 780).

IV. Attorney Fees

Eng requests attorney fees on appeal pursuant to RAP 18.1 and RCW 19.86.090. RAP 18.1(a) authorizes an award of attorney fees and costs from appeal when authorized by law. RCW 19.86.090 entitles a prevailing plaintiff to reasonable attorney fees from pursuing their CPA claim.[72] "'[A] plaintiff "prevails" when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'"[73] Eng's partial success on appeal does not provide "actual relief" because the claim that survived the CR 12(b)(6) motion is far from resolved. An award of attorney fees is premature because, at this early stage of the litigation, Eng has not yet prevailed. If Eng prevails on her claim on remand and the trial court concludes fees and costs are appropriate, the trial court may award reasonable fees and costs for this appeal.[74]

SLS requests attorney fees pursuant to RAP 18.1 and "the terms of Eng's loan documents."[75] The prevailing party on appeal may seek reasonable attorney fees when authorized by contract.[76] SLS appears to rely on Eng's deed of trust, the only loan document in the record on appeal. Section 25 of the deed of trust provides that the

---

[72] McCallum v. Allstate Prop. & Cas. Ins. Co., 149 Wn. App. 412, 428-29, 204 P.3d 944 (2009) (citing Nuttall v. Dowell, 31 Wn. App. 98, 114-15, 639 P.2d 832 (1982)).

[73] Parmelee v. O'Neel, 168 Wn.2d 515, 522, 229 P.3d 723 (2010) (quoting Farrar v. Hobby, 506 U.S. 103, 111-12, 113 S. Ct. 566, 121 L. Ed. 2d 494 (1992)).

[74] See RAP 18.1(i) (trial courts may determine amounts of appellate fees on remand).

[75] Resp't's Br. at 26.

[76] Edmundson, 194 Wn. App. at 932-33 (citing Thompson v. Lennox, 151 Wn. App. 479, 491, 212 P.3d 597 (2009)).

"Lender shall be entitled to recover its reasonable attorneys' fees and costs in any action or proceeding to construe or enforce any term of this Security Instrument."[77] Because this action did not seek to construe or enforce the deed of trust, it does not authorize an award of attorney fees to SLS.

Therefore, we affirm in part, reverse in part, and remand for further proceedings.

_____

WE CONCUR:

_____          _____
Appelwick, J.                                          Chun, J.

---

[77] CP at 37.